### DAWSON v. DAWSON et al.

(Court of Civil Appeals of Texas.    April 12, 1911.    Rehearing Denied May 10, 1911.)

INJUNCTION (§ 158*)—CONCURRENT JURISDICTION—CONFLICTING ORDERS.

Rev. St. 1895, art. 2989, amended by Gen. Laws 1909, c. 34, declares that no district judge shall grant an injunction, returnable to any other court than his own, unless it shall be alleged that the judge in whose district the suit is pending is absent, sick, unable to hear the application, inaccessible, has refused to act or disqualified, and such matters are set out in the application, or an affidavit accompanying it, and that no district judge shall have power to grant the writ when the application shall have once been acted on by a district judge of the state. Held, that where a decree had been rendered by a district court, and an application had been made to the judge thereof for an injunction restraining the levy of an execution based thereon, and had been denied, the judge of another district, though of concurrent jurisdiction and holding court in the same county, had no jurisdiction to grant the writ.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 341; Dec. Dig. § 158.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Suit by A. N. Dawson against Sarah P. Dawson and others. From an order dissolving a temporary injunction, plaintiff appeals. Affirmed.

FLY, J. Appellant sought to obtain a writ of injunction from the judge of the Sixty-First judicial district to restrain Sarah P. Dawson, his wife, and A. R. Anderson, sheriff of Harris county, from selling certain of his property under and by virtue of a writ of execution issued out of the Fifty-Fifth judicial district court, alleging that appellant had on February 18, 1909, sued his said wife in the last-named court for a divorce and partition of the community property, which included their community homestead; that on February 27, 1909, Sarah P. Dawson had procured an order from the judge of the Fifty-Fifth district court, requiring appellant to pay her $25 a month, until further ordered by the court; that the order was complied with until April 22, 1909, when the court released him from farther payment of the alimony; that on May 13, 1909, the court dismissed appellant's suit for a divorce on the general demurrer

of the defendant, from which dismissal an appeal was taken. It was further alleged that after the dismissal of the cause alimony was not demanded of appellant, yet long after the dismissal on September 10, 1910, without notice to appellant, a pretended execution was issued on a pretended judgment for the sum of $425, and the same was levied on certain lots in the city of Houston, which is the homestead of appellant; that said execution was issued by virtue of the interlocutory order for alimony made while the suit for divorce was pending and an execution could not be issued thereunder.

The judge of the Sixty-First district court entered the following order on the application: "The clerk of the district court will issue an injunction in terms as prayed to operate as stay until further order, upon plaintiff filing bond in the sum of $100, this to be treated as an application for injunction, and defendants be permitted to move at any time to dissolve or modify or set aside." The application for injunction was heard on November 1, 1910, and the temporary injunction set aside. The court stated as one of the reasons for setting aside the temporary stay, that appellant had asked practically the same relief from the judge of the Fifty-Fifth district and it had been denied; and that he thought that it would be improper to interfere in the matter.

It is provided in the amendment to article 2989, Rev. Stats., made in 1909 (Gen. Laws, pp. 354–356), that no district judge shall grant a writ of injunction, returnable to any other court than his own, unless it shall be alleged that the judge, in whose district the suit is pending, is absent from his district, or is sick and unable to hear or act upon the application, or is inaccessible, or unless such resident judge shall have refused to act on the application, or is disqualified, and these matters in regard to the sickness, absence, disqualification, or refusal to act must be fully set out in the application or an affidavit accompanying it, and that no district judge shall have the power to grant the writ when the application therefor shall have once been acted upon by a district judge of the state.

There is no allegation in the petition of any of the matters hereinbefore set out, and in a statement appended to the bill of exceptions by the district judge, from whose order this appeal is perfected, it is recited that counsel for plaintiff had admitted at the time that he presented his application "that he had asked practically the same relief of the judge of the Fifty-Fifth district, but it had been denied." The law seems in the provisions herein referred to to relate to judges of different districts, and the two courts herein referred to sit in Harris county having concurrent jurisdiction, but we think the law would apply with as much force in re-

quiring a proper respect between district courts sitting in the same county as between those of different counties, and the same cogent reasons for noninterference could be given in the one instance as in the other. One of the very evils sought to be prevented by the law of 1909 was the interference of one district court with matters pending in another, and it applies with peculiar force in this case. If appellant, as stated, applied to the judge of the court in which the original proceedings were instituted for relief from the execution, and such relief was denied, he should have appealed from the order of denial.

The judgment is affirmed.