## HOME NAT. BANK OF CLEBURNE et al. v. WILSON, Judge. (No. 8666.)

(Court of Civil Appeals of Texas. Dallas. Oct. 18, 1924.)

**1. Courts ⬥472(2)—Court of Civil Appeals other than one to which appeal from injunction returnable held without jurisdiction to pass on merits of injunction.**

In view of Rev. St. art. 4644, providing that where temporary injunction is issued, parties may appeal to Court of Civil Appeals where cause is returnable, another Court of Civil Appeals is without jurisdiction to pass on merits of injunction, on application for mandamus.

**2. Courts ⬥480(1)—District judge cannot enjoin another district judge from proceeding with trial of case pending before latter.**

Where two suits were pending in different district courts of equal rank and dignity, and neither parties nor causes of action were identical, an injunction issued by judge of one of such district courts restraining judge of other district court from proceeding with trial of suit pending before latter, *held* void.

**3. Injunction ⬥32—Injunction issued by one district court enjoining prosecution of suit in another district court, held not void.**

An injunction issued by one district court enjoining parties from prosecuting suit in another district court, such parties performing no official or public duties, and no infirmity appearing on its face, was not void.

**4. Mandamus ⬥3(3)—Prohibition ⬥3(1)— Where one judge illegally enjoined another, mandamus will issue directing enjoined judge to proceed, and prohibition to prevent enjoining judge from holding enjoined judge accountable.**

Where one district judge illegally enjoined another from proceeding with partially tried case, parties to enjoined suit having no adequate remedy at law, mandamus will be issued directing enjoined judge to proceed agreeably to principles and usages of law, and prohibition will be issued, commanding enjoining judge to refrain from enforcing injunction.

Original application for mandamus and prohibition by the Home National Bank of Cleburne and others, against Louis Wilson, Judge of the Forty-Fourth Judicial District. Relief granted in part.

Coke & Coke and Rosser Coke, all of Dallas, for relators.

Clark & Clark, Amicus Curiæ, of Dallas, for respondent.

JONES, C. J. This is an original application by the Home National Bank, of Cleburne, W. S. Whaley, and Jos. B. Long, praying that a writ of mandamus issue against Hon. Louis Wilson, judge of the district court of the Forty-Fourth judicial district, Dallas county, Tex., commanding said judge to proceed to trial and judgment in cause 52470–B on the docket of said district court, and styled "Home National Bank of Cleburne et al. v. John L. Cleveland et al.," agreeably to the principles and usages of law. Said application prays for the further relief that a writ of prohibition be issued against Hon. Irwin T. Ward, as judge of the district court of the 18th judicial district of Johnson county, Tex., commanding and directing him, as judge of said district court, to refrain and desist from attempting to enforce, against the said Louis Wilson, judge of said court, an injunction that had theretofore issued out of said Johnson county district court, enjoining the said Louis Wilson, as judge aforesaid, from proceeding to trial and judgment in said pending cause in the Forty-Fourth judicial district court, and from entering any order or judgment in said cause other than an order of dismissal.

Judge Wilson has made his appearance in this cause, and through his attorney has filed an answer, setting up the injunction as the reason for his refusal to try said cause, and states he will make no order in such cause as long as the injunction is in force. Said application for mandamus also prays that said writ of prohibition include within its terms the parties plaintiff and their attorneys in said pending cause in said Forty-Fourth judicial district, who were also enjoined. The facts upon which the application for mandamus is based, as shown by the verified pleadings in the case, are as follows:

John L. Cleveland and wife, Annie H. Cleveland, on June 18, 1924, filed a suit in the district court of Johnson county in the Eighteenth judicial district of Texas, against the Home National Bank of Cleburne, seeking to cancel certain promissory notes executed by them and held by the said bank, and also to cancel a deed of trust lien given to secure the payment of said notes. This suit was made returnable in said court on October 13, 1924, and was answerable on the following day as appearance day for that term of the said court.

On June 24, 1924, the Home National Bank, of Cleburne, W. S. Whaley, and Jos. B. Long filed suit in the district court of the Forty-Fourth judicial district in Dallas county, Tex., against John L. Cleveland, Annie H. Cleveland, T. K. Cleveland, and Geo. Cleveland, seeking to recover judgment on the debt represented by said notes, and to foreclose the deed of trust lien. This suit was returnable on the 21st day of July, 1924. The suit filed in the district court of Johnson county was styled "John L. Cleveland et al. v. Home National Bank of Cleburne," and was numbered 12207 on the docket of said court. This suit, for convenience, will hereafter be called the "Johnson county suit"; the suit in Dallas county was styled "Home National Bank of Cleburne et al. v.

John L. Cleveland et al.," and numbered 52470–B, and will be hereafter called the "Dallas county suit." On July 19, 1924, two days before return day, the defendants in the Dallas county suit appeared and filed their answer, consisting of a plea in abatement and a formal answer to the merits subject to this plea. The defendants in the Johnson county suit did not answer until October 14, 1924, the appearance day for that term of court.

On September 23, 1924, an amended petition was filed in the Johnson county suit, in which Geo. Cleveland and T. K. Cleveland made themselves additional parties plaintiff, and W. S. Whaley, Jos. B. Long, and the American Exchange National Bank of Dallas were made additional parties defendant. In addition to the equitable relief for the cancellation of the notes and liens prayed for in the original petition, this amended petition contained a count for damages in a substantial amount. The cause of action, therefore, was materially changed by this amended petition. The service issued on the filing of amended petition was directed only to the additional defendants, and was made returnable also on the 13th of October, 1924, although at the time of filing this amended petition the Home National Bank of Cleburne, the original defendant, had not answered.

The Dallas county suit, in which a jury was duly taken, was set out of its numerical order, and over the protest of defendants, for the latter part of July, but later was reset for the 13th of October, 1924. The Johnson county suit was duly set for the 20th day of October, 1924.

When the Dallas county suit was called for trial on 13th day of October, 1924, it went to trial on the plea in abatement. This plea, in substance, was that the two suits embraced the identical subject-matter and identical parties, and that as the filing of the Johnson county suit antedated the filing of the Dallas county suit, the district court of Johnson county acquired jurisdiction to hear and determine the subject-matter of both suits in the Johnson county suit, and that the district court of Dallas county did not have jurisdiction to hear and determine the issues in the suit subsequently filed. The hearing of evidence and the argument of counsel on this plea in abatement consumed the time of the court until the afternoon of October 14th, when the court overruled said plea. The defendants, immediately following such ruling of the court, presented a motion to dismiss the Dallas county suit. At the request of counsel for plaintiffs, this motion was set over until 9 o'clock on the morning of the following day. Following this order of the court, the defendants asked and obtained leave to withdraw said motion, and same was withdrawn, the case, however, going over until the next morning. A short time thereafter the defendants caused to be served upon Hon. Louis Wilson, presiding judge of said court, an injunction in effect restraining him, as judge of said court, from proceeding to trial and judgment of said Dallas county suit, and from entering any order whatever in said suit, save an order of dismissal.

The parties plaintiff in said cause and their attorneys, were later served with a writ of injunction restraining them from prosecuting the trial of the cause pending in the Dallas county court, and from doing anything whatever in furtherance of a trial of same. This writ of injunction was issued by Hon. Irwin T. Ward, judge of the Johnson county district court, on Sunday, the 12th day of October, 1924, and the writ of injunction was in the possession of attorneys for defendants in the Dallas county suit continually from the time the case was called for trial on the morning of the 13th of October until they delivered same to an officer of Dallas county for service late in the afternoon of the 14th of October. When served with the said writ of injunction, Hon. Louis Wilson refused to take any further action in said Dallas county suit. This was done in obedience to the writ of injunction, and, as construed by said judge, compelled him as judge of a district court of Dallas county to cause the suit to stand on his docket partially tried but undisposed of, with no power to continue the trial of the case or to make an order of continuance or postponement. As we understand it, the position of the judge of said Dallas county district court is that, the injunction being directed against him in his official capacity, it is not proper for him in such official capacity to question its mandate, for which reason he will make no order in the case as long as said injunction is in force.

[1] Unless the injunction against the judge of the Dallas county district court is void upon its face, then the answer of said judge is a complete defense to this application, for manifestly, in this character of proceeding, the question as to whether said injunction was erroneously or improvidently issued cannot be made the subject of inquiry. It is provided by statute that in any suit where such writ of temporary injunction has been issued, parties may take an immediate appeal to the Court of Civil Appeals where such cause is returnable, in the instant case to the Court of Civil Appeals for the Second Supreme Judicial District at Fort Worth, where an appeal from this injunction is returnable. There being a statutory forum for such determination, this court is without jurisdiction to review such case and pass judgment upon its merits.

[2] Is this injunction void upon its face in so far as it restrains the judge of said Dallas county district court from performing his official duties in connection with the said Dallas county case? It was issued by a court of competent jurisdiction and by one

whose jurisdiction was invoked by the filing of a proper pleading, and to that extent appears to be valid. The writ of injunction, however, was directed by a judge of a district court against a judge of co-ordinate powers and of equal rank and dignity. In addition to this, it was issued by a judge of a court in which there was pending for trial a case in which plaintiffs sought the relief by cancellation of certain instruments appearing on their face to have been duly executed and valid, and directed against the judge of the court in which there was pending a suit to recover a judgment on these instruments against the parties who had executed them. It will thus be seen that the causes of action were not identical. It is also made to appear that the parties are not identical. All of this is disclosed by the injunction and by the record of the two pending cases. To say that, under such conditions, a judge presiding in the court in which one of the suits is pending can by injunction destroy the judicial powers of the judge of the court in which the other suit is pending, is to announce a doctrine so monstrous and far-reaching in its effect that no argument is required to demonstrate its fallacy. 32 C. J. 84 (and authorities cited in note); 14 R. C. L. 406; Wardlaw et al. v. Savage (Tex. Civ. App.) 191 S. W. 1176.

We therefore hold that the writ of injunction directed against the district judge of the Forty-Fourth judicial district is void.

[3] Is the injunction void as to the parties and the attorneys in the suit in the Dallas county district court? It was issued against parties occupying no official position and restrained them from performing no official or public duties. It being thus issued by a court of competent jurisdiction and directed against parties legally subject to such a writ, and no infirmity appearing on its face, such injunction is not void. As to whether it is bad against a proper motion to dissolve or against an appeal, where it may be considered upon its merits, we express no opinion, but leave that question to the statutory forum for consideration.

[4] It is also made to appear by proper verified pleading that applicants have no remedy at law to relieve themselves from the effect of this injunction that is adequate for the relief they seek, in that, before a motion to dissolve could be acted upon, or an appeal could be perfected in the injunction suit, the Johnson county case would in all probability be tried, and applicants would be denied the forum they have selected. In addition to this, it is also made to appear that, without this relief, the Dallas county district court case must stand in its condition of a partial trial without any orders whatever, however necessary for the protection of their rights such orders may be.

It is therefore directed that the writ of mandamus issue out of this court commanding the judge of the district court of the Forty-Fourth judicial district to proceed to trial and judgment in the said cause agreeably to the principles and usages of law. When, in obedience to this order, the judge of said district court shall call said cause for trial, if the parties and the attorneys thereto are forbidden by the said injunction to participate in the trial, it is not to be presumed that said judge would compel a trial thereof at such time in disobedience of said injunction, for such would not be "agreeably to the principles and usages of law"; but the judge of said court, however, would be at liberty to enter such orders in said cause as his sound discretion might consider necessary. It is because the judge of said court is now of the belief that he is unable to enter such orders that this writ of mandamus is directed to be issued.

In order to effectuate the order of this court for the writ of mandamus, a writ of prohibition will be issued against Hon. Irwin T. Ward as judge of the district court of the Eighteenth judicial district of Texas, commanding him to refrain and desist from in any manner, or in any way, holding the judge of the Forty-Fourth judicial district of Texas in contempt by reason of the issuance of said injunction or to hold said judge in any way accountable for proceeding to try, hear, determine, or to enter any order in the said Dallas county suit that said judge in his sound discretion should determine necessary.

The writ of prohibition as prayed for in favor of the parties plaintiff and their attorneys in the Dallas county suit is denied.