CLEVELAND et al. v. HOME NAT. BANK OF CLEBURNE et al.   (No. 9469.)

(Court of Civil Appeals of Texas. Dallas. Oct. 22, 1924.)

Courts ⬦472(2)—Court of Civil Appeals, on appeal to it from issuance of injunction, acquires exclusive jurisdiction thereof.

Where injunction, valid on its face, was issued, enjoining suit in another district court, and, pursuant to Rev. St. art. 4644, an appeal to Court of Civil Appeals of such district was perfected, such injunction thereby became injunction of Court of Civil Appeals, and could not be affected by proceeding for mandamus in another Court of Civil Appeals, and action of enjoined parties, in proceeding to trial of case in reliance on mandamus, violated injunction, and was in contempt of Court of Civil Appeals.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by the Home National Bank of Cleburne and others against John L. Cleveland

and others. From issuance of temporary injunction, defendants appeal. Original proceeding to punish defendants for contempt for alleged violation of injunction pending appeal. Defendants discharged.

Chas. A. Rasbury, Chas. F. O'Donnell, and J. W. Hassell, Amici Curiæ, all of Dallas, for relators.

Thomas, Frank, Milam & Touchstone, of Dallas, and Spell, Naman & Penland, of Waco, for respondents.

JONES, C. J. An appeal in this cause was perfected by the appellants from a temporary writ of injunction issued out of the Forty-Fourth judicial district court. The matter now before this court is an original proceeding for contempt against appellants and their attorneys in this cause for alleged violation of the terms of the said injunction after said appeal had been perfected to this court. A full statement of all the proceedings that culminated both in the issuance of the injunction in the trial court and the citation to appellants in the contempt proceedings issued in this court is deemed necessary.

John L. Cleveland and wife, Annie H. Cleveland, on June 18, 1924, filed a suit in the district court of Johnson county, in the Eighteenth judicial district of Texas, against The Home National Bank of Cleburne, seeking to cancel certain promissory notes executed by them and held by the said bank, and also to cancel a deed of trust lien given to secure the payment of said notes. This suit was made returnable in said court on October 13, 1924, and was answerable on the following day as appearance day for that term of the said court.

On June 24, 1924, The Home National Bank of Cleburne, W. S. Whaley, and Jos. B. Long, filed suit in the district court of the Forty-Fourth judicial district in Dallas county, Tex., against John L. Cleveland, Annie H. Cleveland, T. K. Cleveland, and Geo. Cleveland, seeking to recover judgment on the debt represented by said notes and to foreclose the deed of trust lien. This suit was returnable on the 21st day of July, 1924. The suit filed in the district court of Johnson county was styled "John L. Cleveland et al. v. Home National Bank of Cleburne," and was numbered 12207 on the docket of said court. This suit, for convenience, will hereafter be called the "Johnson county suit." The suit in Dallas county was styled "Home National Bank of Cleburne et al. v. John L. Cleveland et al.," and numbered 52470–B, and will be hereafter called the "Dallas county suit."

On July 19, 1924, two days before return day, the defendants in the Dallas county suit appeared and filed their answer, consisting of a plea in abatement and a formal answer to the merits subject to this plea. The defendants in the Johnson county suit did not answer until October 14, 1924, the appearance day for that term of court.

On September 23, 1924, an amended petition was filed in the Johnson county suit, in which Geo. Cleveland and T. K. Cleveland made themselves additional parties plaintiff, and W. S. Whaley, Jos. B. Long, and the American Exchange National Bank of Dallas were made additional parties defendant. In addition to the equitable relief for the cancellation of the notes and liens prayed for in the original petition, this amended petition contained a count for damages in a substantial amount. The cause of action, therefore, was materially changed by this amended petition. The service issued on the filing of amended petition was directed only to the additional defendants, and was made returnable also on the 13th of October, 1924, although, at the time of filing this amended petition, the Home National Bank of Cleburne, the original defendant, had not answered.

The Dallas county suit, in which a jury was duly taken, was set out of its numerical order, and over the protest of defendants, for the latter part of July, but, later, was reset for the 13th of October, 1924. The Johnson county suit was duly set for the 20th day of October, 1924. When the Dallas county suit was called for trial on said 13th day of October, 1924, it went to trial on the plea in abatement. This plea, in substance, was that the two suits embraced the identical subject-matter and identical parties, and that, as the filing of the Johnson county suit antedated the filing of the Dallas county suit, the district court of Johnson county acquired jurisdiction to hear and determine the subject-matter of both suits in the Johnson county suit, and that the district court of Dallas county did not have jurisdiction to hear and determine the issues in the suit subsequently filed. The hearing of evidence and the argument of counsel on this plea in abatement consumed the time of the court until the afternoon of October 14th, when the court overruled said plea. The defendants, immediately following such ruling of the court, presented a motion to dismiss the Dallas county suit. At the request of counsel for plaintiffs, this motion was set over until 9 o'clock on the morning of the following day. Following this order of the court, the defendants asked and obtained leave to withdraw said motion, and same was withdrawn. The case, however, going over until the next morning. A short time thereafter, the defendants caused to be served upon Hon. Louis Wilson, presiding judge of said court, an injunction in effect restraining him, as judge of said court, from proceeding to trial and judgment of said Dallas county suit, and from entering any order whatever in said suit, save an order of dismissal.

The parties plaintiff in said cause, and their attorneys, were later served with a

writ of injunction restraining them from prosecuting the trial of the cause pending in the Dallas county court, and from doing anything whatever in furtherance of a trial of same. This writ of injunction was issued by Hon. Irwin T. Ward, judge of the Johnson county district court, on Sunday, the 12th day of October, 1924, and the writ of injunction was in the possession of attorneys for defendants in the Dallas county suit continually from the time the case was called for trial on the morning of the 13th of October until they delivered same to an officer of Dallas county for service late in the afternoon of the 14th of October. When· served with said writ of injunction, Hon. Louis Wilson refused to take any further action in said Dallas county suit. This was done in obedience to the writ of injunction, and, as construed by said judge, compelled him, as judge of a district court of Dallas county, to cause the suit to stand on his docket partially tried but undisposed of, with no power to continue the trial, of the case or to make an order of continuance or postponement. As we understand it, the position of the judge of said Dallas county district court is that, the injunction being directed against him in his official capacity, it is not proper for him in such official capacity to question its mandate, for which reason he will make no order in the case as long as said injunction is in force.

With the Dallas county cause in the condition of having been partially tried, and the presiding judge of the district court, in which said cause was pending, refusing to make any order in the cause because of said writ of injunction, the plaintiffs in the Dallas county cause, on October 18, 1924, presented to this court an application for the issuance of a writ of mandamus against Hon. Louis Wilson, judge of the Forty-Fourth judicial district of Texas, in Dallas county, praying that he be commanded by this court to proceed to trial and judgment in the Dallas county cause agreeably to the principles and usages of law. In addition to the prayer for mandamus, this application also prayed that a writ of prohibition be issued against Hon. Irwin T. Ward, judge of the district court, in which the Johnson county cause is pending, prohibiting him, as said judge, from enforcing, or attempting to enforce, by contempt proceedings or otherwise, any of the terms of the injunction theretofore issued out of his court against Hon. Louis Wilson, and prohibiting him, as said judge, from enforcing, or attempting to enforce, any of the terms. of said injunction against the parties plaintiff and their attorneys in the Dallas county suit; and, further, that a writ of prohibition issue against the defendants and their attorneys in the Dallas county cause, prohibiting them from in any way hindering or interfering with Hon. Louis Wilson and the plaintiffs and their attorneys from proceeding with the said trial.

The allegations in this application were very full and complete in setting out in detail the history of the Johnson county suit and the Dallas county suit, together with a statement of the pleadings of both plaintiffs and defendants in each of the two suits. A hearing on this application for, mandamus and writ of prohibition was had in this court on the 18th of October, 1924; the applicants being represented by their attorneys in the two suits, and Hon. Louis Wilson being represented by his attorney, Judge W. H. Clark, of the Dallas county bar. After a hearing, this court directed that the writ of mandamus issue, and that a writ of prohibition directed only against Hon. Irwin T. Ward also issue. The other writs of prohibition prayed for were denied. The order of this court is as follows:

"It is ordered and directed by the ˙court that the order entered in this cause on the 18th day of October, 1924, shall be modified so as to read as follows: It is ordered and decreed by this court that the Hon. Louis Wilson, judge of the district court of the Forty-Fourth judicial district of Texas, shall proceed to trial and judgment, or to enter such preliminary or dilatory orders within the judicial discretion of said court agreeably to the principles and usages of law. To effectuate this order and judgment of the court, it is further ordered and decreed ˙by this court that a writ of prohibition do issue, commanding and directing Hon. Irwin T. Ward, as judge of the district court of Johnson county, Tex., in the Eighteenth judicial district of Texas, and any other presiding judge of said court, to refrain and desist from in any manner, or in any way, holding the said Louis Wilson, as judge aforesaid, accountable for proceeding in said cause in the manner hereinabove directed, in disregard of a writ of injunction heretofore issued by the Hon. Irwin T. Ward as judge aforesaid, enjoining the˙ said Louis Wilson, as judge aforesaid, from proceeding, setting for trial, or taking any action whatever, in said˙ cause No. 52470–B in said Forty-Fourth judicial district court of Texas, and styled as aforesaid. All other matters contained in said order of October 18, 1924, are hereby set aside, and the clerk of this court is hereby directed to issue notice under this order, and, upon the service of said notice, all notices theretofore issued under said order of October 18, 1924, shall be of no further force and effect."

This court subsequently filed an opinion expressing˙ its views upon the issues presented by the mandamus application. 265 S.˙W. 732. In substance, 'the views of this court, as expressed in said written opinion, were that so much of the injunction issued by Hon. Irwin T. Ward, which was directed against Hon. Louis Wilson, as judge of the Forty-Fourth judicial district, was void and constituted no sufficient excuse for his refusal to proceed to trial and judgment in the Dallas county suit agreeably to the principles and usages of law, and by appropriate order removed the disability said judge believed he was resting under in reference to the Dallas

county suit. This court did not believe that the injunction against the parties plaintiff and their attorneys in the Dallas county suit was void on its face, and, hence, refused the writs of prohibition prayed for in the application.

The jurisdiction of this court to review, in the mandamus proceeding, the order of Hon. Irwin T. Ward granting the temporary injunction was believed by this court to be restricted in such a proceeding to the sole question of whether said injunction appeared to be void on its face. Such view is stated in the opinion in the mandamus case as follows:

"Unless the injunction against the judge of the Dallas county district court is void upon its face, then the answer of said judge is a complete defense to this application, for, manifestly in this character of proceeding, the question as to whether said injunction was erroneously or improvidently issued cannot be made the subject of inquiry. It is provided by statute that, in any suit where such writ of temporary injunction has been issued, parties may take an immediate appeal to the Court of Civil Appeals, where such cause is returnable. In the instant case, to the Court of Civil Appeals for the Second Supreme Judicial District at Fort Worth, where an appeal from this injunction is returnable. There being a statutory forum for such determination, this court is without jurisdiction to review such case and pass judgment upon its merits."

After the issuance of the writ of mandamus against Hon. Louis Wilson and the writ of prohibition against Hon. Irwin T. Ward by this court, but on the same day, Hon. Louis Wilson, upon the presentation to him of a duly verified petition praying for such relief, issued out of his court a temporary writ of injunction, similar in its terms to that issued by Hon. Irwin T. Ward in the Johnson county suit, except that the injunction issued by Judge Wilson was directed only against the parties and their attorneys in the Johnson county suit, and effectually restrained them from proceeding to the trial of the Johnson county suit on the 20th of October, 1924, or any subsequent date, as long as said temporary injunction was in force. Proper process was at once served on the parties named in said temporary writ of injunction. This service was duly perfected before the Johnson county cause was called for trial on October 20, 1924.

After such service, and on October 20, 1924, the plaintiffs in the Johnson county suit, who were defendants in the Dallas county suit, through their attorneys of record in the two said suits, presented to the honorable Court of Civil Appeals for the Second Supreme Judicial District at Fort Worth an application praying that mandamus be issued against Hon. Irwin T. Ward, as judge of the district court for the Eighteenth judicial district of Texas, in Johnson county, commanding him, as judge of said court, to proceed to trial and judgment of the Johnson county suit, and also praying that writs of prohibition issue against Hon. Louis Wilson, as judge of the Dallas county district court, and also against the parties plaintiff and their attorneys in the Dallas county suit, forbidding any interference with the trial of the Johnson county suit. The application for the writ of mandamus and the writs of prohibition appear to have been very similar to the application for mandamus and writs of prohibition presented in this court. This application was filed in said Court of Civil Appeals at approximately 8:30 a. m., on the 20th day of October, 1924. The relief sought by said application was considered by said honorable Court of Civil Appeals and, about noon of said day, said court granted the entire relief prayed for and directed that the writ of mandamus issue against Judge Ward, and that the writs of prohibition as prayed for issue against Judge Wilson and against the attorneys and parties to said suit. All of these writs were duly issued and served. The effect of the order obtained in said Court of Civil Appeals is to nullify in its entirety the temporary writ of injunction issued by Judge Wilson.

After the filing of the application for mandamus and writs of prohibition in the Court of Civil Appeals for the Second Supreme Judicial District, but before any action by said court upon said application, the parties adversely affected by the writ of injunction issued out of the Dallas county district court, to wit, the parties defendant and their attorneys in the Dallas county suit, perfected an appeal from the order granting said temporary writ of injunction. The attorneys of record for defendants in the Dallas county suit are the law firms of Spell, Naman & Penland, of the McLennan county bar, and Thomas, Frank, Milam & Touchstone, of the Dallas county bar. Such appeal was perfected at about 9:45 o'clock a. m. on the 20th of October, 1924. About an hour after the perfecting of this said appeal in this court, attorneys from the latter named firm appeared before this court and asked to be heard on a motion they had filed in said appeal. These attorneys were not the members of said firm who had active control for their clients of either of the two said pending suits, or had actively participated in the proceedings before either of the courts in which the suits were pending. Such hearing was immediately allowed, and, at this time, the contention was vigorously made by said attorneys, in presenting the said motion, that it was the duty of this court at once to decide the questions raised by the appeal and reverse and render the cause in favor of appellants, or, in the alternative, to issue an order staying the injunction until such appeal could be heard and determined. At the conclusion of this

hearing this court announced to counsel that neither course would be adopted, but that the further relief sought by said motion to advance the appeal would be determined at the earliest day a submission of said motion could be regularly had, and that the cause would be advanced in accordance with their statutory right.

On the afternoon of October 20, 1924, this court was, informed by Mr. Rosser Coke, of the firm of Coke & Coke, attorneys of record for defendants in the Johnson county suit and for plaintiffs in the Dallas county suit, that the Johnson county cause had proceeded to trial in disobedience to the injunction issued out of the Dallas county district court and brought within the jurisdiction of this court by the appeal. As the trial of the said Johnson county suit would destroy the subject-matter of this appeal, and thereby destroy the jurisdiction of this court over a pending cause, this court directed the said attorney at once to prepare and file in this court proceedings in contempt against the parties plaintiff and their attorneys in the Johnson county suit, to the end that this court might enter a rule requiring said parties to show cause why they should not be adjudged in contempt of this court and punished therefor.

Hon. Cullen F. Thomas, member of the firm of Thomas, Frank, Milam & Touchstone, but who was not actively participating in the said litigation, was at once notified by this court of its contemplated action in reference to contempt proceedings, with the result that this court was informed of the proceedings before the honorable Court of Civil Appeals for the Second Supreme Judicial District, and that said court had issued its writ of mandamus to Judge Ward to proceed to try said Johnson county suit. Said attorney was not at that time acquainted with the extent of the order of said Court of Civil Appeals in reference to the said proceedings therein.

As a result of this and other conferences with said attorney, no action was taken on the motion prepared and filed on October 20, 1924, by Mr. Rosser Coke at the instance of the court until 9 o'clock a. m. on the 21st day of October, 1924, when Attorneys Cullen F. Thomas and D. A. Frank appeared before this court and acquainted it fully with the extent of the orders issued by the Court of Civil Appeals for the Second Supreme Judicial District. These attorneys also presented the view of attorneys for plaintiffs actively engaged in the trial of the Johnson county suit, and stated this view to be that the issuing of the orders for the said writ of mandamus and for the said writs of prohibition by the Court of Civil Appeals for the Second Supreme Judicial District had superseded the jurisdiction of this court on the appeal that had been filed in the injunction case, and that, as the jurisdiction

of this court had thus been effectually taken away, it had no jurisdiction to enforce or uphold. Unable to adopt this theory, this court at once ordered process to issue to the parties named in the motion filed in the contempt proceedings requiring them to appear and make answer in this court at 4 o'clock p. m. of that day. The fact that such process had issued from this court was communicated to the plaintiffs and their attorneys in the Johnson county suit, and they immediately requested Judge Ward to recess the trial of the Johnson county suit, which request he granted, and came to Dallas at once and made their appearance in this court at said time and before said process had been served upon them. When said parties appeared in this court, they requested that the hearing on the rule entered, directing them to show cause why they should not be adjudged guilty of contempt, be postponed until 2 o'clock p. m. of the following day, which request was granted.

At 9 o'clock on the morning of the 21st of October, 1924, Mr. Rosser Coke, who had been acting in the contempt proceedings at the request of the court, made known to the court the fact that he had been served with a writ of prohibition from the honorable Court of Civil Appeals for the Second Supreme Judicial District that might be construed to preclude his further appearing in this contempt proceeding, and he was excused by the court from further appearance. As the contempt proceedings were at the instance of the court, the court then requested Hon. Chas. A. Rasbury, Hon. Chas. F. O'Donnell, and Hon. J. W. Hassell, members of the Dallas county bar, to further represent the court in said proceedings. These attorneys at once acceded to the request of the court, and thereafter appeared in this cause and gave the court the benefit of their valuable services.

When this cause was again called, the parties against whom the said rule had been entered appeared in person, and by attorneys, and filed a written answer to said motion. This answer, the court is of the opinion, exonerates the parties from any willful or intentional violation of the injunction of this court. The answer was a review of all the proceedings that had been had in the different courts above named, and, in effect, stated that it was the honest and sincere belief of counsel for plaintiffs in the Johnson county suit that the filing of the application for mandamus against Judge Ward and for the writs of prohibition against Judge Wilson and the parties plaintiff and their attorneys in the Dallas county suit, brought the entire matter, including the validity of the injunction issued by Judge Wilson, within the jurisdiction of the Court of Civil Appeals for the Second Supreme Judicial District, and that the appeal to this court from the order granting the said injunction, filed

in this court subsequent to the said application in the other court, left them free to proceed to the trial of the Johnson county case by virtue of the mandamus issued out of said other appellate court; that as soon as they were informed that this court did not adopt such view, but believed that its jurisdiction had extended to the injunction on the perfection of the appeal, and that any violation of it would tend to destroy the jurisdiction of this court, and would be a contempt of this court, they at once desisted from the trial of the case, and would refrain from proceeding with the trial of this case until their rights should be definitely determined.

The first question for determination by this court is, Has the injunction issued by Judge Wilson become the injunction of this court? It could only become so on its being brought to this court on a duly perfected appeal from the order of the lower court granting same. Respondents contend that it is not the injunction of this court, and the logic of their contention is that, whatever jurisdiction of this court attached under the circumstances attending this appeal, it is subordinate to the prior jurisdiction of the Court of Civil Appeals for the Second Supreme Judicial District, acquired by their application for the mandamus, which called in question the validity of the order for the issuance of this injunction. The vice in this position is that it erroneously assumes that the jurisdiction of the two appellate courts over the order of the Dallas county district court granting the injunction is concurrent. The jurisdiction of the Courts of Civil Appeals of this state is fixed by the Constitution and by statutes enacted in conformity to such constitutional provision. The only power given a Court of Civil Appeals by the Constitution and statutes to review an order or judgment of an inferior court by a Court of Civil Appeals is on a duly perfected appeal from the court entering such judgment or granting such order. This appeal must be perfected to the Court of Civil Appeals within whose supreme judicial district the inferior court is located. The appeal from the order granting this injunction could only be perfected to this court, and its jurisdiction, when thus invoked, is exclusive of any of the other Courts of Civil Appeals and, until this court has entered its final judgment, exclusive of the jurisdiction of the Supreme Court. A statute of this state gave to respondents the right they exercised of an immediate appeal to this court from the order granting the injunction restraining them from the prosecution of the Johnson county suit. This right was not nullified or impaired by the filing of their said application for the mandamus relief in another Court of Civil Appeals before perfecting appeal to this court, nor was the jurisdiction of this court over the subject-matter of the appeal lessened or impaired by the fact that such other proceedings had been begun in another jurisdiction. Exclusive statutory jurisdiction of an appellate court cannot thus be nullified or impaired.

This court therefore holds that the appeal in the injunction case was duly perfected, and the injunction issued by the Dallas county district court, by virtue of such appeal, is the injunction of this court, and that the jurisdiction of this court over such injunction is unaffected by the said proceedings in the Court of Civil Appeals for the Second Supreme Judicial District. To hold otherwise would be to announce a rule that would result in inevitable confusion of jurisdictions and inevitable clashes between appellate courts in the exercise of jurisdictional power. The article of the statute that permits an immediate appeal from such an interlocutory judgment of a trial court provides that the appeal shall not have the effect to suspend the order appealed from, unless it shall be so ordered by the court or judge who enters the order. No order of suspension was allowed by the trial court, and none could be allowed by the Court of Civil Appeals at Fort Worth.

The record on appeal shows that this injunction was issued upon a sworn petition by a court of competent jurisdiction and directed against parties who may be made legally subject to its terms and prohibitions, and the injunction therefore appears to be valid upon its face, and its mandates must be observed until its validity is determined by a court of competent jurisdiction.

When the appeal was perfected, it at once became, and now is, the duty of this court to preserve its jurisdiction over such appeal, and to preserve the subject-matter of the appeal, to the end that, when the judgment of this court is regularly pronounced on this appeal, such judgment will not be on a moot question. In proceeding to the trial of the Johnson county suit, the plaintiffs in said suit, and their attorneys, were in direct violation of the injunction mandate, and were proceeding to destroy the entire subject-matter of this appeal. The parties plaintiff and their attorneys in the Johnson county suit, we believe, reached an erroneous conclusion that they were no longer under the injunction mandate, and, while this court ascribes to them in such action, good faith, and honesty of purpose, nevertheless, such action was in contempt of this court. Because, however, of their good faith and honesty of purpose, this court directs that the contempt proceedings be dismissed on payment of the costs of these proceedings by respondents.

It will therefore be the judgment of this court that the injunction made the subject-matter of this appeal remains in full force and effect until this court has entered its final judgment on this appeal, and that its

terms and prohibitions will be enforced by this court, regardless of whether, in its final determination, it is decided that this injunction was legally, erroneously, or improvidently granted.

The respondents will be discharged from the rule on payment of the costs of this proceeding.