JOHN L. CLEVELAND ET AL. V. IRWIN T. WARD, DISTRICT JUDGE,
ET AL.

No. 4224.   Decided June 9, 1926.

(285 S. W., 1063).

**Jurisdiction—Supreme Court—Courts of Civil Appeals—District Courts—
Prior Suit—Abatement—Conflicting Writs of Injunction, Mandamus
and Prohibition.**

C. and others sued the Home National Bank in the District Court of
Johnson County, which was in the Second Judicial District (Fort Worth
Court of Civil Appeals) to cancel certain notes and the mortgage securing
them.   Thereafter the bank and others sued those plaintiffs and others in
the District Court of Dallas County for recovery and foreclosure on the
same notes and mortgage.   These plaintiffs and all others interested were
later, by amendment, made parties to the Johnson County suit.   Defendants
in the suit in Dallas County filed plea in abatement thereof because the
court in Johnson County had first obtained jurisdiction in the matter.   Also
they obtained from the latter court, on ex parte hearing, an injunction
against the defendants, plaintiffs in the Dallas suit, prosecuting same, and
against the Dallas judge from trying it.   Then the Dallas court held
against the defendants on their plea of abatement therein and issued
injunction forbidding them from prosecuting and the judge in Johnson
County from proceeding in the suit there, from which order an appeal
was taken.   Also on application from the plaintiffs in the Dallas court
the Dallas Court of Civil Appeals (Fifth District) ex parte and without
notice to or appearance by any respondent except the Dallas District Judge,
issued injunction against the defendants in the Dallas court from prosecut-
ing the Johnson County action, and against the judge of that court from
trying it himself or preventing the Dallas judge from trying it.   (Home
Natl. Bank v. Wilson, 265 S. W., 732.)   It being their next move, the
plaintiffs in the Johnson County suit applied to the Court of Civil Appeals
for the Second (Fort Worth) District also to protect its jurisdiction, and
obtained writs of prohibition and mandamus requiring the plaintiffs in
Dallas County and the judge of the Dallas court to proceed no further
therein and the District Judge of Johnson County to proceed to try the case.
Obedience to the latter order was halted by service of the injunction to the
contrary and proceedings to punish plaintiffs for contempt.

The Supreme Court, here taking jurisdiction of an original application
to it by the plaintiffs in the first (Johnson County) suit for writs of man-
damus and prohibition, holds:   (a) that it has power to break the stalemate

of justice created by the conflicting jurisdictional claims of these several courts by virtue of its power to issue writs in support of its jurisdiction and to compel a District Judge to try a case (Const. Art. 5, Sec. 3; Rev. Stats., 1925, Art. 1734); (b) that the remedy by appeal would be inadequate; (c) that having the power to direct the judge to proceed to trial in the Johnson County case, the one now having jurisdiction by having first acquired it, it has authority to make all other orders rendering such power efficacious; (d) and this though the Court of Civil Appeals has already acted. It accordingly holds: (Pp. 13-16).

(1) The suit in Dallas County was abated by the previously filed suit in Johnson County. That court first obtained jurisdiction; all parties in interest were properly brought in by amendment; and it had power to dispose of all matters at issue. (Pp. 16-20, 28).

(2) The pendency of the first suit being pleaded in abatement, the court in Dallas County had no jurisdiction except to dismiss the action there and its further acts therein were void. (Pp. 20-22, 28).

(3) The injunction by the court in Johnson County against the judge of the court in Dallas County, a court of co-ordinate power and jurisdiction, was void. (Pp. 22, 23, 28).

(4) The injunction by the judge in Johnson County against the parties defendant therein was issued in the exercise of an active jurisdictional power conferred upon him by the Constitution and statutes, and whether rightfully or wrongfully exercised, was reviewable, under the facts in the case, only on appeal to the Court of Civil Appeals at Fort Worth. (Pp. 23, 24, 28).

(5) The writs of mandamus and prohibition issued by the Court of Civil Appeals at Dallas were void. It had no jurisdiction to issue them against a court or proceedings not in its district. (Pp. 24-26, 28).

(6) The injunction by the Dallas County District Court against the defendants in the action there was void. (Pp. 27, 28).

(7) The writs of mandamus and prohibition granted by the Court of Civil Appeals at Fort Worth were void. (Pp. 27, 28).

(8) The contempt proceedings in the Court of Civil Appeals at Dallas were void. (P. 28).

(9) The Supreme Court has power to and does direct that the Judge of the District Court in Johnson County proceed with the trial of the case there and issue all orders necessary to enable him and the parties litigant to do so, unhampered by the orders of any other court, trial or appellate. (Pp. 28, 29).

Original application to the Supreme Court by Cleveland and others against Ward and others for the issuance of various remedial writs.

The opinion of the court here published was delivered on June 9, 1926, but a motion for rehearing by respondents remained undisposed of until June 22, 1927, when it was overruled.

*Thomas, Frank, Milam & Touchstone; Spell, Naman & Penland,* and *Keith & Prestridge,* for relators.

The subject matter of this controversy is the validity of a deed of trust. This controversy was first submitted to the District Court at Cleburne. It therefore was the first court to

acquire jurisdiction of the subject matter of the controversy and therefore acquired dominant jurisdiction of the controversy and exclusive of all other courts. The exercise of this jurisdiction by the District Court at Cleburne having been interfered with to such an extent that its processes have been stopped and can no longer proceed, this court has jurisdiction by mandamus to unlock the wheels and permit the District Court at Cleburne to proceed.

The court at Cleburne having undertaken by injunction to protect its jurisdiction and that injunction having been in full force and effect, no other court except an appellate court for the jurisdiction in which Cleburne lies had jurisdiction to reverse or revise that injunction, but on the other hand, other courts without jurisdiction having effectually prevented the court at Cleburne from proceeding by contempt proceedings against the parties, this court has jurisdiction by writ of mandamus to permit the court at Cleburne to proceed.

That this court has the constitutional and statutory power to issue writs of mandamus is well known, but we do desire to direct this court's attention to the fact that when the Legislature permitted this court to retain original jurisdiction to mandamus district judges to proceed to trial (Art. 1528) at the same time that it conferred the same power on the Court of Civil Appeals, it also gave the Supreme Court an additional power to issue said writs by Art. 1526. It was the evident intention of the Legislature, therefore, to give to the Supreme Court additional power to that granted the other courts in the issuance of the writ of mandamus, but the extent to which this court has gone in the exercise of its power to issue the writ of mandamus is best reflected in its decisions. Kleiber v. McManus, 66 Texas, 48; Gulf, C. & S. F. Ry. Co. v. Muse, 202 S. W., 817.

The early cases in Texas appear to hold that a subsequent suit will not abate on account of the pendency of a prior suit unless the parties in both suits hold the same relative position. That is to say, the plaintiff in the first suit must also be plaintiff in the second suit. Among the cases so holding are: Garza & Co. v. Piano Company, 126 S. W., 906; Gin Company v. Mill Company, 151 S. W., 856; Insurance Company v. Hargus, 99 S. W., 530. The impossible result to which the application of this doctrine would lead caused the Third Court of Civil Appeals in Goggan v. Morrison, 163 S. W., 119, when precisely the same situation as above stated was presented, to refuse to follow the previous cases announcing that rule and to adopt the more logical rule that the first suit would abate the second.

In the case of Lumber Company v. Williamson, 164 S. W., 440, the Court of Civil Appeals for the First Supreme Judicial District, after also reviewing the early decisions expressly decides to follow the Goggan case and itself reiterates the impossible condition and the inevitable result that will follow from the adoption of the contrary rule. This same question was again presented in the case of Street v. Case Threshing Mach. Co., 188 S. W., 275, and in this case the Court of Civil Appeals for the Seventh Supreme Judicial District followed the rule laid down by the Court of Civil Appeals in the Goggan case.

It's a familiar rule that where two courts have concurrent jurisdiction of the same controversy, the court which first acquires jurisdiction will retain it to the exclusion of the other. Ward v. Scarbrough, 223 S. W., 1107; Stewart v. Pombreuf, 233 S. W., 1095; Texas Trunk Ry. Co. v. Lewis, 81 Texas, 7.

We submit, therefore, that the District Court of Johnson County has the exclusive right to proceed with the trial of this litigation now pending in that court for the reason that that court first acquired jurisdiction of the parties; second, because that court first acquired jurisdiction of the issues involved in the controversy; and third, because that court first acquired jurisdiction over the subject-matter, or res.

That the District Judge of Johnson County had the right to issue an injunction to protect its own jurisdiction is recognized in this State in the case of Blume v. Case Threshing Mach. Co., 225 S. W., 831.

We submit to this court that the writs of mandamus and prohibition issued by the Court of Civil Appeals at Dallas were void and of no force and effect, for the reason that the Court of Civil Appeals at Dallas cannot by the issuance of such writs nullify and make ineffectual a solemn judgment or order entered by the Court of Johnson County, which court is not within the Judicial District of the Court of Civil Appeals at Dallas.

*Coke & Coke, Thomas G. Murnane,* and *Warren & Russell,* for respondents.

The petitioners are attempting to substitute the opinion and the judgment of this court, a superior court, for that of an inferior court, the Court of Civil Appeals for the Fifth Supreme Judicial District at Dallas, and to compel the latter court to render a judgment not according to its own view of the law, but by substituting another judgment, being that of the Supreme Court, in lieu of its own, while the cause is yet pending before it.

State v. Morris, 86 Texas, 229; McDowell v. Hightower, 242 S. W., 753; Ewing v. Cohen, 63 Texas, 484; Matlock v. Smith, 96 Texas, 213; Aycock v. Clark, 94 Texas, 375.

Petitioners are endeavoring to substitute the writ of mandamus for an appeal or writ of error, when such petitioners, as shown by their petition, have a clear, complete, speedy and adequate remedy from the writ of injunction issued by the Forty-fourth District Court at Dallas by an appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District at Dallas, and such petitioners have a further adequate remedy by an appeal through writ of error from the Court of Civil Appeals at Dallas to this Honorable Court. State v. Fisher, 94 Texas, 491; Smith v. Connor, 98 Texas, 437; Ewing v. Cohen, 63 Texas, 484; State v. Morris, 86 Texas, 229; 26 Cyc., p. 173 and p. 189.

The Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas, now has jurisdiction of the injunction issued by the Forty-fourth District Court at Dallas, and the petitioners are anticipating that the unrendered judgment and opinion of the said Court of Civil Appeals at Dallas will be adverse to them, and by such mandamus the petitioners are attempting to force and compel the Court of Civil Appeals at Dallas to render a judgment that may not be in accordance to its own views of the law, by substituting another judgment, that of the Supreme Court, in lieu of its own, while the case is yet pending before the Court of Civil Appeals at Dallas. Thaxton v. Terrell, 91 S. W., 559.

An appeal to the Court of Civil Appeals at Dallas has heretofore been perfected by the petitioners from the temporary writ of injunction issued out of the Forty-fourth District Court at Dallas, and through the mandamus proceedings before this Supreme Court the petitioners are attempting to nullify and make void such appeal which the petitioners themselves perfected, and which procedure is irregular and not in accordance with the general principles and usages of law. McDowell v. Hightower, 111 Texas, 587.

Petitioners are attempting to force the Forty-fourth District Court at Dallas and the judge thereof and the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas, and the judges thereof, through this mandamus proceeding, to nullify the writ of injunction which is now in effect and which was issued by the said Dallas District Court prohibiting the parties plaintiff in the case of John L. Cleveland et al. v. The Home National Bank of Cleburne, pending at Cleburne, from participating in the trial of such case, which would result

in the Supreme Court thereby reviewing the discretionary orders issued by the District Court at Dallas and the Court of Civil appeals at Dallas, which right of review exists only in the Supreme Court through an appeal or writ of error properly and regularly perfected.

The causes of action in the two suits are not the same as shown by the pleadings, but said causes of action and the issues involved therein are distinct, although the two suits grow out of the same transaction. The Dallas County suit is clearly a suit for debt and foreclosure, which is not the same cause of action as suit for cancellation and damages for fraud alleged to have been committed on the plaintiffs in the Johnson County suit. The original petition in the Johnson County suit was filed on June 18, 1924, and this petition named John L. Cleveland and Annie H. Cleveland as parties plaintiff, and named The Home National Bank of Cleburne as party defendant. The original filed on June 24, 1924, in the Dallas County suit, and being the only petition that has thus far been filed in said suit, named as parties plaintiff, The Home National Bank of Cleburne, W. S. Whaley and Joseph D. Long, and named as parties defendant, John L. Cleveland, Annie H. Cleveland, George Cleveland and T. K. Cleveland.

The parties plaintiff and defendant to the two causes of action, which must be determined by the original petitions, as will be seen from an analysis of the two petitions, were not the same and were not identical. Business Men's Oil Co. v. Priddy, 250 S. W., 157; Fulmore v. Benson, 257 S. W., 697; Spark v. Lasater, 232 S. W., 335; Liberty Milling Co. v. Continental Gin Co., 132 S. W., 856.

The Supreme Court in the case of Business Men's Oil Co. v. Priddy, 250 S. W., 157, affirmed the case of Priddy v. Business Men's Oil Co., 241 S. W., 771, which, in effect, reversed the Goggan case.

ON MOTION OF RESPONDENTS FOR REHEARING.

The action of the Supreme Court in assuming jurisdiction herein and entering the judgment and orders entered herein is in violation of Art. 5 of the Constitution of Texas, Art. 1734 (1528) and Art. 1821 (1591) of the Revised Statutes of Texas, and in conflict with prior decisions of said court, and constitutes an usurpation of the jurisdiction of the District Courts and Courts of Civil Appeals.

The action of the Supreme Court in assuming jurisdiction

herein and entering the judgment and orders complained of herein is in violation of Article 5 of the Constitution of the United States, in that same constitutes an attempt to deprive the respondents, without due process of law, of the right and opportunity to have the jurisdiction of the Forty-fourth District Court to hear and determine the Dallas County case duly and regularly tried and determined by due and orderly course of procedure in accordance with the Constitution and laws of the State of Texas.

The court erred in holding that the suit in Judge Wilson's court in Dallas County was abated by the previously filed suit in Johnson County and that Judge Wilson had no jurisdiction thereof except to dismiss the same.

A suit to rescind and cancel is not identical with a suit for judgment and foreclosure upon the instruments sought to have rescinded and canceled. There is no such identity as will enable the rescinding party to compel the foreclosing party to submit to the jurisdiction of the forum selected by the rescinding party. Either suit may be prosecuted separate and distinct from the other.

The record before the court shows conclusively that the Dallas court was the first court to acquire jurisdiction of all necessary parties, and that such jurisdiction is not to be defeated simply by permitting the additional parties defendant named in the Dallas suit to subsequently join with the original parties plaintiff in the Cleburne suit and thus deprive the Dallas court of the jurisdiction already acquired over their persons.

Even though the court be correct in its contention that the cause of action as between The Home National Bank and John L. Cleveland involved the same subject matter and parties over which jurisdiction was first acquired by the Johnson County court, which we do not admit, then the Dallas County petition disclosed two separate and additional causes of action between additional parties plaintiff and defendant, over which jurisdiction had not yet been attained by the Johnson County court, and therefore the Dallas County court had jurisdiction and properly overruled the plea in abatement.

Certainly, in view of the many issues of fact presented upon the hearing of the plea in abatement, Judge Wilson was entitled to exercise his judicial discretion, and his judgment, arrived at after the exercise of such discretion and finding upon the issues, is entitled to full force and effect until reversed or set aside by the next proper appellate tribunal.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

### STATEMENT OF THE CASE.

This controversy is before us on an original application for mandamus by John L. Cleveland, Annie H. Cleveland, T. K. Cleveland, and George Cleveland, against Honorable Irwin T. Ward, Judge of the Eighteenth Judicial District, composed of Johnson and other counties, the Home National Bank of Cleburne, Texas, James B. Long and W. T. Whaley, of Johnson County, and the American Exchange National Bank of Dallas. The relators pray for writ of mandamus against Judge Ward requiring him to proceed with the trial of a certain cause in his court in Johnson County, No. 12207, styled John L. Cleveland et al. v. The Home National Bank et al. They also pray for writs of prohibition against Judge Louis Wilson, Judge of the Forty-fourth District Court at Dallas, and the Judges of the Court of Civil Appeals at Dallas, prohibiting and restraining the judges named and the courts presided over by them from enforcing certain orders hereafter named, and from punishing the relators for disobedience thereof, and restraining Judge Wilson from trying a case pending in his court in Dallas County, being No. 52470-B, styled Home National Bank of Cleburne v. John L. Cleveland et al. Prayer is also made for prohibitive and restraining orders against the attorneys for the respondent private parties.

The long train of events leading up to this proceeding will be stated in their chronological order, and with as much brevity as the record permits.

The controversy involves a suit between the parties in the District Court of Johnson County, another in the District Court of Dallas County, an original and one appellate proceeding in the Court of Civil Appeals at Dallas, as well as a contempt hearing and order in that court, an original proceeding in the Court of Civil Appeals at Fort Worth, and various orders, injunctions, writs of mandamus and prohibition, issued by these several courts, each in aid of its own jurisdiction, but in serious conflict with the jurisdiction asserted by the other courts involved. So it may be said that in one proceeding here we are called upon to dispose of five cases pending in four different courts, involving many orders and numerous and intricate conflicts of power; and of necessity this opinion must be of greater length than is ordinarily desirable.

On June 18, 1924, John L. Cleveland and wife, Annie H. Cleveland, relators here, filed a suit in the District Court of Johnson

County against the Home National Bank of Cleburne, one of the respondents in the present action. The object of the suit was the cancellation of certain notes, renewals thereof, the deed of trust securing them, and the removal of the cloud cast thereby on the land described in the trust deed.

June 24th, six days after the filing of the suit just described, the Home National Bank, the defendant therein, joined by Joseph B. Long and W. S. Whaley, filed suit in the District Court of Dallas County against John L. Cleveland and wife, Annie H. Cleveland, plaintiffs in the Johnson County suit, and also against George Cleveland and T. K. Cleveland. The object of this, the Dallas County suit, was to recover judgment on the identical promissory notes and to foreclose on the same deed of trust lien for the cancellation of which John L. Cleveland and wife had previously brought suit in the District Court of Johnson County. Citation properly issued in both suits.

July 20, 1924, all the Clevelands filed a plea in abatement in the Dallas County suit, setting up the pendency of the Johnson County suit at the time of the filing of the Dallas County case, stating that the issues and the real parties at interest in the two cases were the same.

On the 30th of July, 1924, upon an ex parte application made by the Home National Bank and Whaley and Long, the Dallas County District Judge appointed a receiver to collect and hold the rents from the properties covered by the lien in controversy. This receiver qualified, and is now acting in that capacity.

September 24, 1924, John L. Cleveland and Annie H. Cleveland, original plaintiffs in the Johnson County case, filed in that case their first amended original petition, wherein they, as well as T. K. and George Cleveland, were named as plaintiffs, and in addition to the Home National Bank, W. S. Whaley, Joseph B. Long and the American Exchange National Bank were named as defendants. Citation issued to the additional defendants. To state fully the contents of this pleading would unnecessarily prolong this opinion. Among other things, it showed the origin of the notes and deed of trust for the cancellation of which the Johnson County suit had been brought, and for the collection and enforcement of which the Dallas County suit was filed.

In the course of the transaction complained of seven notes were executed by John L. Cleveland, three for $4,000 each, payable to the Home National Bank, and four to Joseph B. Long and W. S. Whaley, payable at the Home National Bank, aggregating $11,000. There were also four notes aggregating approximately $5,900, payable to the order of Joseph B. Long and W. S.

Whaley, signed by George Cleveland and endorsed by John L. Cleveland, and one note payable to the Home National Bank for $1,616, signed by T. L. Cleveland and endorsed by John L. Cleveland. Allegations of fraud were made against the bank and Long and Whaley, by reason of which it was said that the deed of trust became void, etc. It was stated in this amended petition that prior to the filing thereof Annie H. Cleveland and John L. Cleveland had conveyed the lands and properties involved to George Cleveland, but that in truth and in fact the property really belonged to Annie H. Cleveland, subject to certain rights held by George Cleveland. The pleading also alleged that the American Exchange National Bank was claiming some interest in the property, or was in some way holding some of the notes involved in the controversy. The prayer was for rescission and cancellation of the instruments involved in this litigation.

On October 12, 1924, the plaintiffs in the Johnson County case obtained an ex parte injunction from the Honorable Irwin T. Ward, District Judge of that county, enjoining the Honorable Louis Wilson, the District Judge of Dallas County, the Home National Bank, Joseph B. Long and W. S. Whaley, from proceeding further in the Dallas County case, except to enter an order of dismissal, until the further orders of the Johnson County District Court. The application was based upon allegations that the Johnson County court had first acquired jurisdiction of the parties and subject matter of both suits, and was entitled to go to judgment thereon.

On October 13, 1924, the parties appeared in the Dallas County District Court, the plea in abatement filed theretofore by the four Clevelands on July 20th was heard, and on October 14th determined adversely to them by Judge Wilson. Thereafter on the same day the injunction issued on October 12th by the District Judge of Johnson County was served on Judge Wilson, and on the 15th on Whaley, Long and the Home National Bank.

On October 14, 1924, appearance day for the District Court of Johnson County, all parties defendant answered, some moved to quash citations, and the bank moved for a continuance. The defendants called for a jury, and the court set the case regularly for trial on Monday, October 20th, at nine o'clock a. m.

On October 18th the plaintiffs in the Johnson County case filed therein, under leave of the court, their second amended petition, setting forth more fully the grounds for avoidance and cancellation of the deed of trust, etc.

On this same date, Saturday, October 18th, the Home National Bank of Cleburne, Whaley and Long, filed a petition for writs of

mandamus and prohibition in the Court of Civil Appeals for the Fifth District at Dallas, in which they complained of the Honorable Irwin T. Ward, Judge of the Cleburne District Court, the four Clevelands, and their attorneys, naming them, and the Honorable Louis Wilson, Judge of the Forty-fourth District Court at Dallas. The prayer was for a mandamus directing Judge Wilson to proceed with the trial of the Dallas County suit, and that a writ of prohibition or mandamus be issued against Judge Ward, the four Clevelands, their agents and attorneys, etc., prohibiting them from taking any action in the Johnson County case, etc.

Judge Wilson appeared by answer, but as to all others the hearing in the Court of Civil Appeals at Dallas was purely ex parte, and the writs of mandamus and prohibition were awarded.

The Court afterwards modified this order, but just when is not clear to us from the record, nor is the matter of any consequence. By the modified order Judge Wilson was directed "to proceed to trial and judgment, or to enter such preliminary or dilatory orders within the judicial discretion of said court, agreeably to the principles and usages of law." In order "to effectuate this order and judgment of the court" a writ of prohibition was granted prohibiting Judge Ward from holding Judge Wilson accountable for proceeding in the Dallas County case, in disregard of the injunction previously issued by Judge Ward. See the opinion of the Court of Civil Appeals for full description of the final order. Home National Bank v. Wilson, 265 S. W., 732, 734.

On the day the above described petition for mandamus and prohibition was presented to the Court of Civil Appeals, and we presume after the mandamus and writ had been awarded, the Home National Bank, Long, and Whaley, upon application without notice obtained from the Dallas County District Court a temporary writ of injunction, enjoining the Clevelands and their attorneys from proceeding to trial in the Johnson County case, which was served on the Clevelands late at night October 18th and on their attorneys on October 20th.

At eight-thirty on the morning of October 20, 1924, the four Clevelands and their attorneys filed an application for mandamus and prohibition in the Court of Civil Appeals for the Second District at Fort Worth, in which Judge Ward of the Johnson County Court, the Home National Bank, Whaley, Long, the American Exchange National Bank, and Judge Wilson of the Dallas District Court were made parties.

At eleven-thirty o'clock on that morning that court, evidently

on an ex parte hearing, granted the writs of mandamus and prohibition, directing Judge Ward to proceed to trial with the Johnson County case, and prohibiting Judge Wilson and the other parties just named from in any manner holding the Clevelands or their attorneys accountable for proceeding to try the Johnson County case in disregard of the injunction issued by Judge Wilson.

Prior to this time, at nine forty-five on the morning of October 20th, the four Clevelands filed a transcript of the proceedings on the application for injunction by the other parties in the District Court of Dallas County in the Court of Civil Appeals at Dallas, showing an appeal from the injunction previously issued by Judge Wilson.

At about ten o'clock on the same day the four Clevelands and their attorneys and Judge Irwin T. Ward filed in the Court of Civil Appeals at Dallas a motion to abate the writ of mandamus theretofore issued by that court. One of the grounds of the motion was that the writ was issued upon an ex parte hearing without notice, in violation of Revised Statutes (1925) Art. 2328. Another ground was that the Court of Civil Appeals had no jurisdiction to hear the application and grant the writs, because that would necessarily involve a review and adjudication of the injunction theretofore issued by the District Court of Johnson County, over which the Court of Civil Appeals at Dallas had no jurisdiction.

We have stated that the Court of Civil Appeals at Dallas modified its original order for mandamus and prohibition, but whether in response to this motion we are unable to say, nor is the matter important here.

At about one-thirty o'clock in the afternoon on October 20th, after the issuance of the writ of mandamus and prohibition by the Court of Civil Appeals at Fort Worth, Judge Ward called the Johnson County case for trial. The trial was proceeding when the attorneys for the Clevelands learned that the Court of Civil Appeals at Dallas had issued an order for them to appear at four o'clock that afternoon and show cause why they and their clients, the Clevelands, should not be punished for contempt. Whereupon Judge Ward adjourned court until nine o'clock, October 22d, so that said parties might present themselves in response to that order.

The order to show cause was issued upon an application by the Home National Bank, Whaley, and Long, against the Clevelands and their attorneys, hearing had, and judgment entered as hereafter stated.

Upon this voluminous and intricate record, which we have attempted to outline, Judge Ward, Judge of the District Court of Johnson County, refused to proceed further in the trial of the Johnson County case. Prayer is made for a mandamus commanding him to proceed to trial in that case, and for necessary writs of prohibition, etc.

### OPINION.

Without discussing in detail all the questions presented, we have concluded that we have power to issue the mandamus and correlative writs, and that we ought to issue them, or make such orders as will accomplish the same purpose. The reasons which impel us to this conclusion will now be stated.

That this Court has power by mandamus to require a district judge or court to proceed to trial and judgment is settled by the Constitution, Statutes and decisions. Revised Statutes (1925) Art. 1734; Yett v. Cook, 115 Texas, 175, 268 S. W., 715; Aycock v. Clark, 94 Texas, 375, 60 S. W., 665; Burgemeister v. Anderson, 113 Texas, 495, 259 S. W., 1078.

Having the power to issue the writ of mandamus directing Judge Ward to proceed to judgment, we necessarily have the correlative authority to make all other orders, including those for prohibition and injunction, to protect and make efficacious the exercise of that power by us. State Constitution, Art. 5, Sec. 3; Hovey v. Shepherd, 105 Texas, 237, 147 S. W., 224; City of Houston v. City of Palestine, 114 Texas, 306, 267 S. W., 663; Wells v. Littlefield, 62 Texas, 30, 31.

This power to issue all writs necessary to enforce our jurisdiction finds its sanction in the Constitution, and exists regardless of statutory omissions or declarations. 15 Corpus Juris, p. 858, Sec. 181c; 7 Ruling Case Law, pp. 1033, 1034, Secs. 62, 63; Milam Co. Oil Mill Co. v. Bass, 106 Texas, 260, 163 S. W., 577; Taylor v. Hulett, 15 Idaho, 265, 19 L. R. A. (N. S.), 535; State v. Assurance Co., 251 Mo., 278, 158 S. W., 640, 46 L. R. A. (N. S.), 955; Root v. Woolworth, 150 U. S., 401, 37 L. Ed., 1123, 1126; Campbell Lumber Co. v. River Logging Co., 68 Wash., 431, 123 Pac., 596; 15 Corpus Juris, p. 810, Sec. 108 (β), p. 815, Sec. 112, and cases in the notes.

The fact that the Court of Civil Appeals may have acted on the subject matter of this litigation, is no reason why this Court should not exercise its power to require the trial court to proceed with the trial of this case, unimpeded by orders of any other court. Yett v. Cook, 115 Texas, 175, 268 S. W., 715, 721;

Gulf, C. & S. F. Ry. Co. v. Muse, 109 Texas, 352, 363, 4 A. L. R., 613, 207 S. W., 897.

We recognize the rule that mandamus does not ordinarily issue when an adequate remedy by appeal exists. In this case, however, no appeal was possible from the action of Judge Ward in refusing to go forward with the trial in his court. The right of appeal from the adverse order on the pleas in abatement and the injunction in the Dallas District Court is inadequate and not commensurate with the relief to which the relators here are entitled; so that right of appeal cannot supersede the remedy of mandamus provided by statute. To supersede the remedy by mandamus authorized by the organic law, and specially provided by statute (Vernon's Anno. Stats., Art. 1734), there must exist not only a remedy by appeal, but the appeal provided for must be competent to afford relief on the very subject matter of the application, equally convenient, beneficial and effective as mandamus. Gulf, C. & S. F. Ry. Co. v. Muse, 109 Texas, 352, 362; Spelling on Extraordinary Relief, Vol. 2, Sec. 1375; Eureka Pipe Line Co. v. Riggs, 75 W. Va., 353, Anno. Cas., 1918a, 995, 996; 38 Corpus Juris, p. 561, Sec. (32)-2; High on Extraordinary Legal Remedies (2d Ed.), Sec. 17; Terrell v. Greene, 88 Texas, 539, 31 S. W., 631; International Water Co. v. El Paso, 51 Tex. Civ. App., 321, 112 S. W., 816; St. Louis, Etc. Ry. Co. v. Smith, 99 S. W., 171; Gaines v. Rugg, 148 U. S., 228, 243, 37 L. Ed., 432.

Mr. Spelling correctly states the rule as follows:

"In order that the existence of another remedy shall constitute a bar to relief by mandamus, such other remedy must not only be an adequate remedy in the general sense of the term, but it must be specific and appropriate to the circumstances of the particular case. It must be such a remedy as is calculated to afford relief upon the very subject of the controversy. For if it is not adequate to afford the party aggrieved the particular right which the law accords him, mandamus will lie, notwithstanding the existence of such other remedy.

*       *       *       *       *       *

"The remedy at law which will operate as a bar to mandamus must generally be such a remedy as will enforce a right or the performance of a duty. A remedy cannot be said to be fully adequate to meet the justice and necessities of a case, unless it reaches the end intended and actually compels a performance

of the duty in question, and is not an adequate remedy within the meaning of the rule under consideration.

*     *     *     *     *     *

"The controlling question is not, 'Has the party a remedy at law?' but 'Is that remedy fully commensurate with the necessities and rights of the party under all the circumstances of the particular case?' Or, as was said in one case, 'To supersede the remedy by mandamus the party must not only have a specific remedy, but one competent to afford relief upon the very subject-matter of his application, and one which is equally convenient, beneficial, and effective as the proceeding by mandamus.'

*     *     *     *     *     *

"The court will interfere by mandamus in a proper case, notwithstanding the fact that the form and method of proceeding by mandamus are such as to prevent the judgment of the court from being revised by writ of error."

Certainly if there was ever a case which calls for action by this court, this is the case. The record presents an instance of judicial stalemate without parallel in the history of the jurisprudence of this State, and perhaps of any other State. The two cases pending are between identically the same parties, except the Johnson County case has one additional, apparently necessary, defendant. They involve the same subject-matter, identically the same transactions, and the relief in one would be *res adjudicata* as to the relief prayed for in the other suit. The parties plaintiff in the Johnson County case cannot proceed in that case without violating an injunction issued by the District Court of Dallas County; the judge cannot proceed without violating a writ of prohibition issued by the Court of Civil Appeals at Dallas, nor refuse to proceed without violating a mandamus issued by the Court of Civil Appeals at Fort Worth. The Dallas County District Court cannot proceed to try that case, nor can the plaintiffs in the case proceed with it without violating an injunction of the District Court of Johnson County; and the Judge of the Dallas County District Court cannot proceed without violating a writ of prohibition issued by the Fort Worth Court of Civil Appeals, nor refuse to proceed without violating a mandamus issued by the Court of Civil Appeals at Dallas. It is impossible for either of the trial courts or any litigant to do anything in the causes pending in the respective trial courts without being in danger of contempt either of a trial court or a Court of Civil Appeals, or both. The relief which might be granted in any appeal of the defendants in the Dallas County

case to the Court of Civil Appeals at Dallas, is wholly inadequate to grant any substantial relief to anyone, or untangle the instant judicial troubles.

Further discussion is unnecessary. It is plainly our duty, in the exercise of an undoubted power, to take jurisdiction of this case.

It is obvious that the Johnson County suit, the first filed, is an equitable one, and the rights of the parties to be determined herein will be discussed in the light of that fact. Pomeroy's Equity-Jurisprudence, Vol. 5 (2d Ed.), Sec. 2105; Story's Equity-Jurisprudence, Vol. 2, Secs. 931, 937; Black on Rescission and Cancellation, Vol. 1, Sec. 20.

Regardless of the question as to whether the original petition was sufficient in all respects against demurrer, its subject-matter was within the jurisdiction of the District Court of Johnson County, and that court by the filing of the petition acquired jurisdiction of the suit.      Revised Statutes (1925), Arts. 1906, 1913, 1971; Corpus Juris, Vol. 15, p. 797, Secs. 92, 94, p. 822, Sec. 134, p. 733, Sec. 32; Moore v. Perry, 13 Texas Civ. App. 204, 35 S. W., 838, 841; Chivers v. Board of Co. Com., 62 Okla., 2, L. R. A., 1917b, 1296, 1300.

Jurisdiction is power to hear and determine the matter in controversy according to established rules of law, and to carry the sentence or judgment of the court into execution.      Banton v. Wilson, 4 Texas, 400, 402; Withers v. Patterson, 27 Texas, 491, 496, 86 Am. Dec., 643; Templeton v. Ferguson, 89 Texas, 47, 54, 33 S. W., 329; Gulf, T. & W. Ry. Co. v. Lunn, 141 S. W., 538, 541; Corpus Juris, Vol. 15. pp. 723 to 726; Swift & Co. v. Memphis Cold Storage Warehouse Co., 128 Tenn., 82, 158 S. W., 480, 485.

When suit was filed in the Johnson County District Court the jurisdiction of that court attached, with power on the part of the court to permit the pleadings to be amended and amplified, new parties to be made, to determine all essential questions, and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted District Courts under established principles of law.      31 Cyc, pp. 360, 361, 365, 367, 470, 396; Revised Statutes (1911), Arts. 1824, 1848 (1925) Arts. 2001, 1998, 1992; Reagan v. Copeland, 78 Texas, 551, 14 S. W., 1031; Jolley v. Oliver, 106 S. W., 1152; International & G. N. Ry. Co. v. Howell, 105 S. W., 560; Hartford Fire Ins. Co. v. City of Houston, 110 S. W., 973, 102 Texas, 317, 116 S. W. 36; Latham v. Tombs, 32 Texas Civ. Appeals, 270, 73 S. W.,

1060; Taylor v. Hulett, 15 Idaho, 265, 19 L. R. A. (N. S.), 535, 539; 15 Corpus Juris, p. 810; Lanes v. Squyres, 45 Texas, 382; Foster v. Wright, 217 S. W., 1091, 1092; see also Benson v. Fulmore (Com. of App.), 269 S. W., 71; Bailey v. Fly, 97 Texas, 425, 79 S. W., 299; Reed v. Harris, 37 Texas, 167; Connolly v. Hammond, 58 Texas, 11; McDannell v. Cherry, 64 Texas, 177.

It is too plain for argument that Whaley, Long, T. K. and George Cleveland, and the American Exchange National Bank, were all either necessary or proper parties to the suit filed in Johnson County.  Story's Equity - Jurisprudence (14th Ed.), Vol. 3, Sec. 1981; Black on Rescission and Cancellation, Vol. 2, Secs. 657, 658, 659, 661; Corpus Juris, Vol. 21 (subject Equity), Secs. 253, 255, 256, 276, 282; Vol. 9, p. 1125 (subject Cancellation of Instruments), Secs. 126 to 139; 4 Ruling Case Law, p. 517, Sec. 29; Business Men's Oil Co. v. Priddy (Com. of App.), 250 S. W., 156, 158; Hurst v. Knight, 164 S. W., 1072; American Cotton Co. v. Collier (writ refused), 30 Texas Civ. App., 105, 69 S. W., 1021; Jones v. Nix, 174 S. W., 685; Perkins v. Terrell (writ refused), 214 S. W., 551; McKay v. Phillips, 220 S. W. 176.

The District Court of Johnson County, then, in permitting the pleadings in that court to be amended so as to bring in parties interested in and to be affected by the decree sought, acted clearly within its express statutory jurisdiction and power to permit additional parties to be made "when they are necessary or proper parties to the suit."

The case, therefore, stands in that court, in so far as any jurisdictional question is concerned, precisely upon the same basis as if the original pleading filed had embraced fully the declarations of the last amendment, and had made all of those who are now parties to the suit parties in the first instance.

Since jurisdiction attached upon filing the suit in Johnson County, the rule is elementary that it could not be taken away or arrested by the subsequent proceedings in another court. Corpus Juris, Vol. 15, p. 822, Sec. 135, pp. 1134 to 1138, Sec. 583, pp. 1161, 1162, 1163, Sec. 637; Palestine Water & P. Co. v. City of Palestine, 91 Texas, 540, 40 L. R. A., 203, 44 S. W., 814; Riesner v. Gulf, Etc., R. Co., 89 Texas, 656, 33 L. R. A., 171, 59 Am. St., 84, 36 S. W., 53; Waters-Pierce Oil Co. v. State, 47 Texas Civ. App., 162, 103 S. W., 836; Arthur v. Batte, 42 Texas, 159; Burdett v. State, 9 Texas, 43, 44; Goggan & Bros. v. Morrison, 163 S. W., 119, 120, and cases there cited; Neill v. Johnson, 234 S. W., 147, 150; State ex rel. Sullivan v. Reynolds, 209 Mo., 161, 123 Am. St., 468, 14 Ann. Cases, 198, 15 L. R. A. (N. S.), 963, 970; 7 Ruling Case Law, p. 1067, Sec. 105; State ex rel.

Parsons Mining Co. v. McClure, 17 N. M., 694, Ann. Cases, 1915b, 1110, 47 L. R. A. (N. S.), 744; Phelps v. Mutual Reserve Fund Life Assn., 112 Fed. 453, 50 C. C. A., 339, 61 L. R. A., 717; Beardslee v. Ingraham, 183 N. Y., 411, 3 L. R. A. (N. S.), 1073.

The Johnson County Court having first acquired jurisdiction, may exercise it to dispose of the whole subject-matter of the litigation and adjust all the equities between the parties, and is entitled to do so. Black on Rescission and Cancellation, Vol. 2, Sec. 689; Corpus Juris, Vol. 15, p. 810, Sec. 107; Vol. 21, p. 134, Sec. 117, p. 137, Sec. 118; Vol. 9, p. 1260, Sec. 202; Story's Equity-Jurisprudence, Vol. 3, Sec. 1981; Chambers v. Cannon, 62 Texas, 293, 294; Pioneer Savings & Loan Co. v. Peck, 49 S. W. (writ refused), 160, 169.

The causes of action in the two conflicting trial courts involve the same transaction and the same state of facts. That the two cases present in substance and effect the same cause of action we do not think debatable. A recovery in the Johnson County case cancelling the notes and deed of trust involved would necessarily be res adjudicata as against the cause of action asserted on these notes and deed of trust by the respondents herein as plaintiffs in the Dallas County suit. 34 Corpus Juris, pp. 750, 752, Secs. 1162, 1163; p. 802, Sec. 1225; p. 805, Sec. 1226. See also 34 Corpus Juris, p. 854, Sec. 1266, p. 856, Sec. 1267, p. 818, Sec. 1236; Black on Rescission and Cancellation, Vol. 2, Sec. 704; and authorities cited below.

It is true the Johnson County suit is for the cancellation of the instruments involved, while the Dallas County case is for recovery on them. However, such defenses as the defendants in the Johnson County case have to the suit for cancellation they may there assert. They must there assert the validity of the notes and deed of trust involved or be barred.

The rule that a valid judgment for plaintiff is conclusive not only as to defenses which were set up and adjudicated, but as to those which might have been raised inconsistent with the facts necessary to sustain the judgment is one of universal acceptation. Authorities supra; Goggan & Bros. v. Morrison, 163 S. W., 119; Camp v. First Nat. Bank of Alpine, 195 S. W., 217; Sparks v. National Bank of Commerce, 168 S. W., 48; Foster v. Wells, 4 Texas, 101, 103; Freeman v. McAninch, 87 Texas, 132, 47 Am. St., 79, 27 S. W., 97; Nichols v. Dibrell, 61 Texas, 539; Peden Iron & Steel Co. v. El Campo Rice Milling Co., 251 S. W., 543; Deaton v. So. Irr. Co., 144 S. W., 294; Thompson v. Lester, 75 Texas, 521, 14 S. W., 20; 34 Corpus Juris, p. 854, Sec. 1266,

p. 856, Sec. 1267; Freeman on Judgments (5th Ed.), Vol. 2, Secs. 674, 688, 692, 693, 774, 787.

Since the Johnson County Court is a court of competent jurisdiction, and first acquired jurisdiction of this controversy, has all the necessary parties before it, and is entitled to proceed to judgment; and since it is evident that all questions necessarily or properly involved will be settled in that case, and that its judgment will be *res adjudicata* as against any judgment the Dallas County Court might render, it follows that the Dallas County case is abated by the Johnson County suit. Authorities supra; Benson v. Fulmore, 269 S. W., 71; Long v. Long, 269 S. W., 207, and cases cited therein; Goggan Bros. v. Morrison, 163 S. W., 120; Miller & Vidor Lbr. Co. v. Williamson (writ refused), 164 S. W., 440; Sparks v. National Bank, 168 S. W., 48; Camp v. National Bank, 195 S. W., 217; State v. Reynolds, 209 Mo., 161, 123 Am. St., 468, 14 Ann. Cases, 198, 15 L. R. A. (N. S.), 963, 967.

The reason of the abatement of the subsequent suit by the first where the latter is filed in a court of competent jurisdiction, and that jurisdiction has attached, is that when the suit is brought it is thereby segregated as it were from the general class to which it belonged, and withdrawn from the authority and jurisdiction of all other courts of co-ordinate power. Authorities supra; State v. Reynolds, 15 L. R. A. (N. S.), 963, 967; 7 Ruling Case Law, p. 1067, Sec. 105; Peck v. Jenness, 17 U. S., 320, 327; French v. Hay, 22 Wall. (U. S.), 250, 253; Freeman on Judgments (5th Ed.), Vol. 1, pp. 672, 673, Sec. 355; Burdett v. State, 9 Texas, 43, 44; McLean v. Speed, 52 Mich., 258, 18 N. W., 396.

In the case of Peck v. Jenness, just cited, the Supreme Court of the United States said:

"It is a doctrine of law too long established to require a citation of authorities, that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court; and that, where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. These rules have their foundation, not merely in comity, but on necessity. *For if one may enjoin, the other may retort by injunction, and thus the parties be without remedy; being liable to a process for contempt in one, if they dare to proceed in the other."* (Italics ours.)

In the French Case that court also declared:

"Having the possession and jurisdiction of the case, that jurisdiction embraced everything in the case, and every question arising which could be determined in it until it reached its termination and the jurisdiction was exhausted. While the jurisdiction lasted it was exclusive, and could not be trenched upon by any other tribunal."

In the case of McLean v. Speed, supra, Chief Justice Cooley declared the rule, which has become a familiar text, as follows:

"It is a familiar principle that, when a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action. The principle is essential to the proper and orderly administration of the laws; and, while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process. *If interference may come from one side, it may from the other also, and what is begun may be reciprocated indefinitely.*" (Italics ours.)

The Supreme Court of Missouri, in the case of Sullivan v. Reynolds, cited above, correctly declared the law as follows:

"As each cause of action arises, and when suit is brought thereon in a court of competent jurisdiction, it is thereby segregated, as it were, from the general class to which it belonged, and is thereby withdrawn from the authority and jurisdiction of all other courts of co-ordinate jurisdiction.

\*      \*      \*      \*      \*      \*

"It is the possession of jurisdiction of the court over the particular case in litigation that segregates and takes it from the general classes of cases to which it belongs which excludes the jurisdiction of another court of co-ordinate jurisdiction from attaching to the same cause; and the reason for this is apparent, because it no longer belonged to the class of cases over which the latter court has jurisdiction at the time the second suit was filed therein. *It had become extinct or ceased to exist as a cause of action so far as the latter court was concerned, and had become merged, as it were, into an action pending in another court.*" (Italics ours.)

Since the Dallas County District Court had no jurisdiction of this particular case, what was done therein was necessarily void,

for judicial action without jurisdiction is void. Freeman on Judgments (5th Ed.), Vol. 2, p. 1351, Vol. 1, pp. 672, 673, Sec. 335; Burdett v. State, 9 Texas, 43, 44.

Mr. Freeman, discussing the very question here involved (in Vol. 1, Sec. 335), says:

"It seems impossible that two courts can, at the same time, possess the power to make a final determination of the same controversy between the same parties. If either has authority to act, its action must necessarily be exclusive, and therefore it is our judgment that whenever either the State or the National courts acquire jurisdiction of an action and the parties thereto, this jurisdiction cannot be destroyed, diminished, or suspended by one of the parties bringing an action in another court, *and that any judgment or order of the latter court is void so far as it conflicts with any judgment or order of the court first acquiring jurisdiction.*" (Italics ours.)

This extract from Freeman, we believe, states the sound rule, and the only rule which will prevent races from court to court by vigilant counsel, such as this record discloses, and that conflict in the exercise of judicial power in evidence here, which we believe was never contemplated under our judicial system. Courts are erected to settle controversies, not to multiply them. At any rate, the rule announced by Freeman is the one we adopt, and is consistent with that declared by Justice Lipscomb in 1852 in the Burdett case, cited above.

What has been said is not in conflict with the doctrine of various cases that the pendency of a suit in another jurisdiction must be seasonably pleaded in abatement; that the plea may be waived, and that final judgment by default, or in the absence of pleading and proof of the pendency of a prior suit will be sustained. See the cases of Cook v. Burnley, 2 Wallace, 11 (U. S.), 659; Cook v. Burnley, 45 Texas, 97; Blassingame v. Cattlemen's Trust Co., 174 S. W., 900; Cattlemen's Trust Co. v. Blassingame, 184 S. W., 574; McCoy v. Bankers Trust Co., 200 S. W., 1138; see also 1 Ruling Case Law, pp. 19, 20.

These opinions are authority for the proposition that since the pendency of a prior suit is predicated upon a state of facts, the facts must be seasonably alleged and proved, and unless this is done the judgment of the subsequent court is conclusive on the fact of jurisdiction as upon any other fact. Freeman on Judgments (5th Ed.), Vol. 2, Secs. 660, 662. This does not militate against our conclusion that once the necessary facts are pleaded and admitted or proven, or shown by the undisputed record, as

in this case, the subsequent suit is abated and its orders void for want of jurisdiction.

All the foregoing on the present point is consistent with the rule as to the issuance of writs of prohibition under the Common Law. This writ issued by a superior court to an inferior or subordinate one to keep the latter within the bounds of its jurisdiction, a power we are called upon to exercise in this case. The writ, however, did not issue after sentence and judgment, unless the want of jurisdiction was apparent on the face of the record. High's Extraordinary Legal Remedies (2d Ed.), Sec. 774.

The rule adverted to is analogous to that followed in cases of final judgments void for want of service. Such judgments against the parties not served are void, and yet because of recitals in the judgments they cannot be collaterally attacked. Levy v. Roper, 113 Texas, 356, 361, 256 S. W., 251, and cases there cited.

So in a subsequent suit, abated by one previously filed, a final judgment may not be collaterally attacked for facts not appearing in the record, although in fact a nullity for want of jurisdiction. It is not the validity of such a judgment which renders it immune from collateral attack; but, on the principle of estoppel, invoked in aid of a sound public policy, the parties are denied the right in a collateral action to show the actual facts as against the recitations or necessary implications of the judgment.

However, in the instant case, no such situation as those described in the cases referred to confronts us. The pendency of the suit in Judge Ward's court was seasonably presented by proper pleas and proof in Judge Wilson's court, and that court, notwithstanding this, was proceeding with the trial of the case. Ordinarily, of course, the remedy for his adverse ruling would have been by appeal, and the question of abatement would have been finally determined by that method. The case has, however, reached this Court by a different route, and we now in the exercise of our original, rather than appellate power, pass upon the subject. We do not mean to say that in every case of conflicting jurisdiction this Court would exercise its original jurisdiction as we are doing in the present case. We will do so only where necessary under established rules of law, and where, as in this case, the trial court first taking jurisdiction has been unable by writ of injunction against the *parties* to the abated action to stop proceedings thereon.

We have heretofore referred to cases holding the pendency of

a prior suit must be pleaded in abatement in the subsequent case in order to be available, although it involves a jurisdictional question. This, however, is not the only remedy in trial courts. The parties may, upon proper showing, receive from the court which first obtained jurisdiction an injunction enjoining the parties to the second action from maintaining it.

In the instant case Judge Wilson was in process of the trial, and had passed on the plea in abatement when the injunction was served, although issued before the actual hearing on the plea. At this stage of the proceeding it was entirely proper for the injunction to issue against the parties (except, of course, Judge Wilson), and there was no impropriety in its issuance before, for that may have been reasonably necessary.

Under the Common Law, in order to secure a writ of prohibition to prevent the exercise of power by a court for want of jurisdiction it was necessary that a plea to the jurisdiction be presented. This appears to be the rule now. High on Extraordinary Legal Remedies (2d Ed.), Sec. 773; Spelling on Extraordinary Relief, Vol. 2, Sec. 1731. These authorities make it clear that the proceedings in Judge Wilson's court had not reached that stage where they could not be enjoined in order to prevent further action in the case pending before him.

The injunction granted by Judge Ward is void in so far as it attempted to enjoin Judge Wilson, the judge of a district court of co-ordinate power and jurisdiction. 7 Ruling Case Law, pp. 1071, 1072, Sec. 108; High on Injunctions (4th Ed.), Vol. 1, Secs. 45, 46; 32 Corpus Juris, p. 84, Sec. 71; 14 Ruling Case Law, p. 410, Sec. 110, Vol. 7, p. 1070, Sec. 108; Story on Equity-Jurisprudence, Vol. 2, Sec. 1195; High on Extraordinary Legal Remedies (2d Ed.), Secs. 762, 763; 22 Ruling Case Law, pp. 2, 3, Secs. 1, 2, p. 26, Sec. 24, p. 4, Sec. 3.

Since, however, the District Court of Johnson County did have power and dominant jurisdiction of the subject-matter of the controversy, and was entitled to proceed to judgment in the cause, Judge Ward did have the power to issue the temporary injunction against the Bank, Long, and Whaley. As to them, it was a valid exercise of power. 7 Ruling Case Law, p. 1070, Sec. 108; High on Injunctions (4th Ed.), Secs. 48, 49; Blume v. Case Threshing Mach. Co., 225 S. W., 831, 832; Moton v. Hull, 77 Texas, 80, 8 L. R. A., 722, 13 S. W., 849; Neill v. Johnson, 234 S. W., 147, 150; see also Nelson v. Lamm, 147 S. W. (writ refused), 664, 667; Steger & Sons Piano Mfg. Co. v. MacMaster (writ refused), 51 Tex. Civ. App., 527, 113 S. W.,

337; Supreme Lodge v. Ray, 166 S. W., 46; Farthing Lbr. Co. v. G. H. & S. A. Ry. Co., 178 S. W., 725; Houston Heights Water & Light Assn. v. Gerlach, 216 S. W., 634; Simpson v. McGuirk, 194 S. W., 979.

There can be no doubt that, since the Johnson County District Court had jurisdiction to grant the temporary injunction, the exclusive remedy for relief therefrom through *any* Court of Civil Appeals was by the *special* statutory method of appeal to the Court of Civil Appeals for the Second District, sitting at Fort Worth, in which district Johnson County was located. Revised Statutes (1925), Arts. 4662, 2251, 1819; Livingston v. State, 70 Texas, 393, 11 S. W., 115; Schleicher v. Runge, 90 Texas, 456, 39 S. W., 279; 15 Corpus Juris, pp. 1143, 1144, Sec. 600 (8).

The Court of Civil Appeals at Fort Worth had full power to have protected the interests of the Bank, Long and Whaley by the issuance of such temporary and final orders and writs as were necessary, upon appeal and application therefor. State Constitution, Art. 5, Sec. 6; Vernon's Anno. Stats., Art. 1823; Birchfield v. Bourland, 187 S. W., 422; Williams v. Foster, 229 S. W., 896; Witherspoon v. Daviss, 163 S. W., 700; Hurley v. Buchanan, 233 S. W., 590; Gibbons v. Ross, 167 S. W., 17; Cattlemen's Trust Co. v. Willis, 179 S. W., 1115; City of Houston v. City of Palestine, 114 Texas, 306, 267 S. W., 663; Ellis v. Lamb-McAshan Co., 278 S. W., 858.

Since the remedy by appeal to the Court of Civil Appeals at Fort Worth was exclusive, no other Court of Civil Appeals and no other district judge was authorized to set aside, annul, or vacate the temporary injunction issued by Judge Ward. Authorities supra; 15 Corpus Juris, pp. 1143, 1144, Sec. (600) 8; Dawson v. Dawson, 136 S. W., 1149; Ward v. Scarborough, 223 S. W., 1107, and cases cited in 236 S. W., 441.

The injunction proceeding was not appealed, and no motion made to dissolve or vacate in the trial court. On the contrary, the Bank, Long, and Whaley sought to avoid the consequences of the temporary injunction granted by Judge Ward by applying to the Court of Civil Appeals at Dallas for writs of mandamus and prohibition, and to the Dallas District Court, presided over by Judge Wilson, for an injunction.

The Court of Civil Appeals awarded a writ of mandamus and in aid thereof a writ of prohibition, the effect of which has been heretofore stated. These writs having issued without notice to Judge Ward, the four Clevelands and their attorneys, are not only void because issued in violation of Revised Statutes (1925),

Art. 2328, but because in direct contravention of the law of due process as declared by this Court from an early date, to the effect that such extraordinary writs will not issue unless the interested parties are before the court. 21 Ruling Case Law, p. 1272, Sec. 3; 15 Ruling Case Law, p. 846, Sec. 321; Crumley v. McKinney (Tex. Sup.), 9 S. W., 157; Cullem v. Latimer, 4 Texas, 329; Winder v. Williams, 23 Texas, 601; Chappell v. Rogan, 94 Texas, 492, 62 S. W., 539; Nevell v. Terrell, 99 Texas, 355; Old River R. Irr. Co. v. Stubbs (writ refused), 133 S. W., 494; 18 Ruling Case Law, pp. 330, 331, Secs. 278, 279, p. 358, Sec. 319; High on Extraordinary Legal Remedies (2d Ed.), Sec. 552; Spelling on Extraordinary Relief, Vol. 2, Sec. 1683; 38 Corpus Juris, p. 929, Sec. 707.

The failure to abate the writs on motion was not only error, but a denial of an express statutory right, as well as the Common Law right that void judgments are to be abated on motion. Revised Statutes (1925), Art. 2328; 15 Ruling Case Law, p. 688, Sec. 1403, p. 700, Sec. 152; Freeman on Judgments (5th Ed.), Vol. 1, Secs. 226, 227, 194.

The fact that Judge Wilson, a co-party in the mandamus proceedings, had notice and appeared, was not notice to nor binding on the other parties. 38 Corpus Juris, pp. 907, 908, Sec. 643; Borah v. Dussel, 152 La., 589, 93 So., 910.

The writ of prohibition was not an alternative or temporary one, but final in its form and effect; and, even if separate from the mandamus, was void for want of due process. 22 Ruling Case Law, p. 31, Sec. 31; High on Extraordinary Legal Remedies (2d Ed.), Secs. 803, 804; Spelling on Extraordinary Relief, Vol. 2, Sec. 1757.

Aside from what has heretofore been said, the writs of mandamus and prohibition were both void for want of jurisdiction on the part of the Court of Civil Appeals to issue them in this case. The suit in Judge Wilson's court having been abated by the Johnson County case, he was without jurisdiction and could not lawfully proceed to trial, and therefore did not improperly refuse to do so.

Courts of Civil Appeals are clothed with authority to require district judges to proceed to trial and judgment. Vernon's Ann. Texas Stats., Art. 1824. But the writ can rightly issue only when the judge improperly refuses to act on a matter *within his jurisdiction;* and since Judge Wilson did not improperly refuse to go forward with the trial, the Court of Civil Appeals had no jurisdiction to require him to proceed. Dunn v. St. Louis S. W.

R. Co., 40 Texas Civ. App., 242, 88 S. W., 532; 18 Ruling Case
Law, p. 295, Sec. 229; Spelling on Extraordinary Relief, Vol. 2,
Secs. 1378, 1397.

Since the Court of Civil Appeals had no jurisdiction to award
the writs under the facts of this case, its orders doing so are
void. 3 Corpus Juris, p. 369, Sec. 124d. The writs were void
for additional reasons. In our opinion, the necessary effect of
the mandamus directing Judge Wilson to proceed was to adjudge
that he could lawfully proceed. This necessarily involved the
conclusion that the injunction by Judge Ward against the Bank,
Long, and Whaley was not effective, or that Judge Wilson had
the right to try the case without the enjoined plaintiffs. To
say that the case could be tried without the presence of the
plaintiffs who brought the suit would be a denial to them of
due process. Farmers Gas Co. v. Calame, 262 S. W., 546;
Cragin v. Henderson Co. Oil Co., 270 S. W., 202, and authorities
cited in these cases.

The rule is, of course, an elementary one that mandamus will
not lie to an inferior court where proceedings therein have been
enjoined. Spelling on Extraordinary Relief, Vol. 2, Secs. 1403,
1402, 1378. We must conclude, therefore, that the Court of
Civil Appeals was of the opinion that the enjoined parties could
be lawfully present and participate in the directed trial by Judge
Wilson, and that the injunction standing against their doing so
was not effective, was in fact no injunction.

The conclusion therefore is inescapable that the order of the
Court of Civil Appeals had the effect of adjudicating the
invalidity of the injunction issued by Judge Ward. For this
plain additional reason the mandamus issued by the Court of
Civil Appeals at Dallas was void. True, the Court of Civil
Appeals at Dallas, if jurisdiction otherwise existed, had the
power to direct a district judge to proceed to judgment, and
authority to issue necessary writs to protect him in its exercise.
Vernon's Anno. Texas Statutes, Arts. 1824, 1823. But they are
without authority to do so when the exercise of the power would
necessarily conflict with a right of review confided to another
Court of Civil Appeals, as in this case. Courts of Civil Appeals
are courts of co-ordinate jurisdiction within the limits of their
respective districts, and no one of them has authority to set
aside, annul, or vacate an order made by another, or review
causes confided to another (unless upon transfer). This is
necessarily so from the language of the Constitution and statutes.
State Constitution, Art. 5, Sec. 6; Vernon's Anno. Statutes, Art.

1819; Authorities supra; Home National Bank v. Wilson, 265 S. W., 732, 734; 7 Ruling Case Law, p. 1071, 1072, Sec. 108.

The injunction granted by Judge Wilson restraining the Clevelands and their attorneys from proceeding with the trial of the Johnson County case was void because the suit in Judge Wilson's court had been abated, and he had no jurisdiction to exercise or protect.

The mandamus and prohibition writs issued by the Court of Civil Appeals at Fort Worth against Judge Ward, requiring him to proceed with the trial of the Johnson County case, and against Judge Wilson, the Bank, Whaley et al., were void because issued upon ex parte hearing without notice to any party except Judge Ward. Revised Statutes (1925), Art. 2328, and authorities supra.

Prior to the issuance of these writs, the Court of Civil Appeals at Dallas issued a mandamus in which Judge Wilson was directed to proceed with the trial of the Dallas County case, etc.

It is thus seen that the writs issued by the Fort Worth Court of Civil Appeals prohibited Judge Wilson of the Dallas County District Court from proceeding, after he had been commanded to proceed by the Dallas Court of Civil Appeals, and enjoined Judge Wilson from taking any action in the enforcement of the injunction issued by him against the Clevelands and their attorneys.

These writs were therefore void because the direct effect of their issuance was to adjudicate the validity of the judgments and orders of the Dallas Court of Civil appeals in directing Judge Wilson to proceed. See the authorities previously cited to the effect that one court of co-ordinate power cannot in a suit of this character abrogate the orders and judgment of a court of similar rank and authority. If it be said, as we have said, that the decrees of the Dallas Court of Civil Appeals were void, the Fort Worth Court of Civil Appeals could not adjudicate that fact and execute and enforce its decrees, since the Dallas Court of Civil Appeals had adjudicated exactly to the contrary, and had equal power to enforce its decrees.

The writ of prohibition issued by the Fort Worth Court of Civil Appeals against Judge Wilson, enjoining him from enforcing the injunction issued by him against the Clevelands and their attorneys from proceeding with the trial of the Johnson County case also involved an adjudication that the mandamus order of the Dallas Court of Civil Appeals directing Judge Wilson to proceed was invalid, for the reason that if he had

lawful authority to proceed under the mandamus order he had the power to protect the exercise of his jurisdiction by injunction against the parties proceeding in another court. So, on the grounds stated above the writs issued by the Fort Worth court must fall. The remedy for relief against the orders of the Dallas Court of Civil Appeals and Judge Wilson, under the facts of this case, was by application for mandamus to the Supreme Court. Vernon's Anno. Stats., Arts. 1733, 1734; Yett v. Cook, 115 Texas, 175, 268 S. W., 715.

Since the contempt proceedings in the Dallas Court of Civil Appeals were predicated upon a void injunction issued by Judge Wilson, they are, of course, void. High on Injunctions (4th Ed.), Vol. 2, Sec. 1425; 13 Corpus Juris, p. 13, Sec. 14-3; Kansas City, M. & O. Ry. Co. v. Cole (writ refused), 145 S. W., 1098, 1101.

In this opinion we hold:

1. The suit in Judge Wilson's court in Dallas County was abated by the previously filed suit in Johnson County.

2. Since the Dallas County suit was abated, Judge Wilson's court had no jurisdiction thereof except to dismiss the same.

3. That the injunction issued by Judge Ward against Judge Wilson was void.

4. That the injunction issued by Judge Ward against the Bank, Long, and Whaley was issued in the exercise of an active jurisdictional power conferred upon him by the Constitution and statutes, and whether rightly or erroneously exercised, reviewable under the facts of this case only on appeal to the Court of Civil Appeals at Fort Worth.

5. That the writs of mandamus and prohibition issued by the Court of Civil Appeals at Dallas were void.

6. That the injunction granted by Judge Wilson against the Clevelands and others, enjoining them from prosecuting the Johnson County suit, was void.

7. That the writs of mandamus and prohibition granted by the Court of Civil Appeals at Fort Worth were void.

8. That the contempt proceedings in the Court of Civil Appeals at Dallas were void.

9. That this court has power to direct Judge Ward to proceed with the trial of the Johnson County case, and to issue all orders necessary to enable him and all the parties litigant to hear, try and determine that case unimpeded by the orders and actions of any other court, or courts, trial or appellate.

Mandamus will therefore issue directing Judge Ward to pro-

ceed with the trial of the case pending in his court in Johnson
County. All orders and decrees heretofore named, of both trial
and appellate courts, as void, are hereby vacated and annulled.

The injunction issued by Judge Ward against the Bank, Long,
and Whaley being still in effect, and Judge Ward being free
under this opinion to enforce it, it is unnecessary for us to issue
any injunction or writ of prohibition against said parties and
their attorneys. A decree will be entered in accordance with
this opinion, and a copy thereof together with a copy of this
opinion, will be certified to the trial and appellate courts, whose
orders are involved in this controversy, for observance.