## STEWART TITLE GUARANTY CO. v. RACHFORD et al.

### Nos. 3794, 3795.

Court of Civil Appeals of Texas. Beaumont.
Jan. 23, 1941.

Frank A. Stamper, Robert P. Beman, Jr., Emory T. Carl, and Albert J. DeLange, all of Houston, for appellant.

Geo. A. Weller and H. C. Keen, both of Beaumont, for appellees.

O'QUINN, Justice.

Cause No. 3795 was instituted in district court of Jefferson county on May 6, 1940, by appellee James H. Rachford, and East Texas Title Investigation Company, against appellant, Stewart Title Guaranty Company, praying for judgment for damages for conversion of certain personal property described in the petition and for certain other elements of damage. On May 17, 1940, appellant filed suit in the dis-

trict court of Galveston county against East Texas Title Investigation Company and appellee James H. Rachford, praying for judgment quieting its title to the property described in the petition of appellee and East Texas Title Investigation Company, and for certain other relief. On May 28, 1940, appellee and East Texas Title Investigation Company filed suit No. 3794 in district court of Jefferson county, praying for a temporary injunction, restraining appellant from prosecuting the suit filed by it in Galveston county, which was granted. The parties and the issues were the same in the three suits. By its answer ·to the Jefferson county suits, appellant made the issue that East Texas Title Investigation Company had forfeited its charter, and plead this fact in abatement of the Jefferson county suits. By amended petition, East Texas Title Investigation Company was dismissed from these suits, and they were prosecuted by appellee, for himself and the other stockholders of East Texas Title Investigation Company, on allegations that the power of the Corporation to transact business had been forfeited because of its failure to pay the franchise tax; appellee plead that he owned all the preferred stock of the Corporation and ninety per cent of the common stock. The ·evidence was that he owned all the preferred stock and ninety-eight per cent of the common stock; and that the Corporation had forfeited its right to do business. Appellant plead its privilege to be sued in Galveston county, and also plead to the jurisdiction of the district court of Jefferson county to entertain these suits. Cause No. 3795 is referred to by appellant in its brief as the "original suit," and cause No. 3794 as the "injunction suit."

■ Appellant makes the following statement in its brief as to the character of judgment rendered by the lower court in cause No. 3795: "By order dated July 1, 1940, the District Court of Jefferson County, Texas, in ·and for the 60th Judicial District, in said 'Original Suit' dismissed the plaintiff, East Texas Title Investigation Company, at its costs, overruled the plea of privilege and the plea in abatement and plea to the jurisdiction of the defendant, Stewart Title Guaranty Company, and passed the consideration of the demurrers and exceptions filed by the defendant, Stewart Title Guaranty, Company, until further order of said Court setting the cause for trial, to all of which the de-

fendant excepted and gave notice of appeal."

It thus appears that the judgment entered by the court was in all respects interlocutory, and that this court has no jurisdiction of any element of that judgment except the order overruling appellant's plea of privilege.

Appellant makes the following statement in its brief as to the character of judgment rendered by the lower court in cause No. 3794: "Thereafter, by order dated July 1, 1940, and entered July 10, 1940, the District Court of Jefferson County, Texas, in said 'Injunction Suit', entered its order , dismissing the plaintiff, East Texas Title Investigation Company, at its costs, and overruling the plea of privilege, pleas of jurisdiction, and plea in abatement, and motion to dissolve the temporary injunction, filed by defendant, Stewart Title Guaranty Company, continued in effect the temporary restraining order enjoining and restraining defendant from prosecuting the cause instituted by it in Galveston County, Texas, and passing the demurrers and exceptions filed by the defendant without prejudice until further orders of said Court, to all of which the defendant in open Court then and there excepted and gave notice of appeal to this Honorable Court."

■ It thus appears that all orders made in cause No. 3794 were interlocutory, and that this court has no jurisdiction of any element of that judgment except the orders overruling the plea of privilege and the motion to dissolve the temporary injunction.

Appellant submits its appeal on nine propositions; by propositions 1, 2, and 3, it is asserted that, having forfeited its right to do business, East Texas Title Investigation Company could not "maintain suit in the Courts of the State of Texas for any affirmative relief"; on the same ground the lower court "erred in maintaining jurisdiction of Cause instituted by said corporation for the purpose of obtaining affirmative relief"; on the same ground the lower court "erred in overruling the pleas in abatement of the defendant, Stewart Title Guaranty Company, based on such facts."

By propositions 4, 5, and 6, appellant asserts that appellee Rachford, "claiming solely as stockholder and officer of said corporation could not maintain suit in

the Courts of the State of Texas for the benefit of said corporation"; "James H. Rachford, the owner of all the preferred stock of said corporation, and the beneficial owner of all the common stock of said corporation could not maintain suit in the Courts of the State of Texas for the use and benefit of said corporation"; "James H. Rachford, the owner of all the preferred stock of said corporation, and beneficial owner of all the common stock of said corporation, could not maintain suit in the Courts of the State of Texas for his own benefit on causes of action acquired by him solely as officer and stockholder of said corporation."

Proposition No. 7: "Where a suit is instituted by parties having no right to institute same in the Courts of the State of Texas, the institution of such suit cannot be urged as grounds for abatement nor as grounds for restraint of prosecution of suit instituted in a Court of concurrent jurisdiction."

Proposition No. 8: "Where suit is instituted in a Court of the State of Texas by party or parties having no right to maintain action in the Courts of the State of Texas in the capacity in which they appear, the institution of such suit cannot be urged as grounds for abatement of nor as grounds for restraining the prosecution of a second suit instituted in a Court of concurrent jurisdiction, even though subsequent amending of the pleadings in the first suit present a matter of which the Court in which said suit is pending can take cognizance."

Proposition No. 9: "The District Court of one county of the State of Texas cannot enjoin the prosecution of a cause of action in the District Court of another county of the State of Texas."

 An examination of appellant's propositions discloses that it assigns no error on, and advances no proposition against, the judgment of the lower court overruling its pleas of privilege and its motion to dissolve the temporary injunction, which was against appellant and not against the District Court of Galveston county. Since these are the only elements of the judgment that could be reviewed on this appeal and since they are not attacked, it follows that the judgment of the lower court must be affirmed. But, if the propositions should be construed as against the order overruling the motion to dissolve

the temporary injunction, they must be overruled. Since the district court of Jefferson county has jurisdiction of these cases, subject to appellant's pleas in abatement, which cannot be reviewed on this appeal, appellee was entitled to his temporary injunction, restraining the prosecution of the Galveston county suit pending the rendition of final judgment in his suits. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063. However, this affirmance is without prejudice to the rights of appellant to preserve its exceptions to the rulings of the lower court on its pleas in abatement and to the jurisdiction against the rights of·appellant to prosecute its suits in Jefferson county. Our instructions to the lower court are to proceed with the trial of these cases on their merits and to render final judgment therein, from which either party may prosecute an appeal without limitation as to any ruling herein made, except on the issues made by the pleas of privilege.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.