Martha BERNEY, Appellant,

v.

STATE of Texas, Appellee.

No. 17517.

Court of Civil Appeals of Texas, Dallas.

June 26, 1970.

Rehearing Denied July 17, 1970.

Walter J. Woodman, Shwiff & Woodman, Dallas, for appellant.

Henry Wade, Dist. Atty., Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, for appellee.

BATEMAN, Justice.

The appellant Martha Berney appeals from an order of the district court dismissing her petition to have her daughter, the appellant Patricia Lizabeth Berney, committed to a state hospital for treatment of narcotic addiction, pursuant to Vernon's Ann.Civ.St., Article 5561c–1, which became effective September 1, 1969. The petition was first filed in and submitted to the Probate Court of Dallas County, but was dismissed by that court for want for jurisdiction because of pending criminal charges against the said Patricia Lizabeth Berney. An appeal was taken from that order to the 134th District Court of Dallas County. The State of Texas filed a motion to transfer the case to Criminal District Court No. 5 of Dallas County, which had previously acquired jurisdiction of the person of Patricia Lizabeth Berney in three cases in which she was convicted of the sale of narcotics, possession of narcotics and possession of dangerous drugs, and sentenced to serve seven years on each charge in the Texas Department of Corrections, the sentences to run concurrently. The Judge of the 134th District Court overruled the motion to transfer but, as Presiding Judge of the District Courts of Dallas County, assigned the case for trial to the Criminal District Court No. 5. The judge of that court, sitting for the judge of the 134th District Court, entered an order dated April 13, 1970, reciting the foregoing facts and then dismissing the petition for lack of jurisdiction.

The simple question raised by this appeal is whether a county or probate court may properly entertain a petition under the Mental Health Code for the indefinite commitment of an alleged narcotics addict to a state hospital after a criminal court of competent jurisdiction has convicted that person of a crime and sentenced him to serve a term of years in the Texas Department of Corrections. The courts of Texas will not, at least since Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926), allow themselves to be drawn into jurisdictional contests with each other. As said in the earlier case of Cunningham v. City of Corpus Christi, 260 S.W. 266, 268 (Tex.Civ. App., San Antonio 1924, no writ):

> "Attempts to invade the legal and constitutional jurisdiction of courts of equal or even lower powers, through a writ of mandamus, or in any other way, are provocative of clashes between judicial tribunals, which should never occur, and not only contrary to precedent, but in the face of public policy."

Jurisdiction was defined in Cleveland v. Ward, supra, 285 S.W. p. 1069, as the "power to hear and determine the matter in controversy according to established rules of law, and to carry the sentence or judgment of the court into execution."

The jurisdiction of Criminal District Court No. 5 of Dallas County over the person of Patricia Lizabeth Berney attached upon the filing of the indictments against her. This petition for indefinite commitment to a mental hospital was filed subsequently to those convictions. At the time of the hearing of the motion to dismiss, the criminal cases were on appeal to the Court of Criminal Appeals of Texas.

Since the Criminal District Court No. 5 of Dallas County had first acquired jurisdiction and power to hear and determine

the matter in controversy in the criminal cases, it also had the power to carry its judgment and sentence into execution, and its prior jurisdiction "could not be taken away or arrested by the subsequent proceedings in another court." Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1070 (1926). In our opinion, both the Probate Court and the District Court correctly declined to be put in the position of attempting to dispossess the Criminal District Court of that jurisdiction. This principle is essential to the proper and orderly admiinistration of the laws. To illustrate, if the rule were otherwise the Sheriff of Dallas County might easily have been placed in the untenable position of attempting to execute at the same time the order of the criminal court to place the prisoner in the state prison and the order of the probate court to place the same person in the state hospital.

Our disposition of the case on the point discussed makes it unnecessary to discuss other points raised by appellants in their brief. We have carefully considered all of them and find no merit in any of them.

The judgment of the trial court is affirmed.