Martha **BERNEY** et al., Petitioners,

v.

**STATE of Texas, Respondent.**

No. B–2336.

Supreme Court of Texas.

Feb. 3, 1971.

Shwiff & Woodman, Walter James Woodman and John T. Boyce, Dallas, for petitioners.

Henry Wade, Dist. Atty., Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, for respondent.

GREENHILL, Justice.

The writ of error was granted in this case to examine the question as to whether, under existing statutes, a narcotic addict could be judicially committed to a mental hospital for treatment after conviction on a felony narcotics charge but before the judgment of conviction became final and the accused actually entered the Department of Corrections. The probate court here held that it was without jurisdiction to entertain the suit for commitment and treatment because of the felony charge; and the suit for the commitment of Patricia Berney was dismissed. Upon appeal, the district court also sustained the State's plea to the jurisdiction; and the court of civil appeals affirmed. 457 S.W.2d 182.

When this court granted the writ of error, it was not fully informed of the facts of the case or of the developments pending the appeal in the commitment proceedings. We now agree, under the facts set out below, that the judgment of the court of civil appeals must be affirmed, but for a reason different from those set out in the opinion of the court of civil appeals.

At the time of the granting of the writ, we were concerned that a person needing treatment as an addict and out on bail might go untreated for the many months which could elapse between the time of conviction and the termination of the appellate steps and his or her discharge or actual entry into the Department of Corrections where treatment might be received. The opinion of the court of civil appeals is based in part on the policy to avoid conflicts in the jurisdictions of the various courts as discussed in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926), and related cases. The problem seen here by the court of civil appeals was a conflict between the district court in the felony narcotics cases which decreed that Patricia be

sent to the Department of Corrections, and a decree of the probate court that she be sent to a state hospital for treatment. The sheriff in such circumstances might be in the difficult position of being directed by two different courts to take Patricia to two different places and agencies. On the other hand, if Patricia were free on bond, pending the appeal of the narcotics charges, she might be receiving treatment at a state hospital until she entered the Department of Corrections; and, in such circumstances, the actual conflict between courts would, at least, be greatly reduced since the order of the probate court could avoid such conflict.

It developed on oral argument, however, that the person here involved, Patricia Berney, has never been out on bond, her appeal to the court of criminal appeals in the felony cases was voluntarily dismissed, and she is now in the custody of the Department of Corrections. The law questions suggested above, and with which we were concerned when we granted the writ, are moot. The only problem left is whether the probate court *now* has jurisdiction to order the transfer of Patricia Berney from the Department of Corrections to a state hospital for treatment as an addict. We hold that, under existing statutes, the probate court has no such power. For that reason, we affirm the judgment below.

The facts of the case as we now understand them are these: Patricia Berney, then age 20, was convicted on a felony narcotics charge in 1968. That sentence was probated. She was arrested later on other charges; and on January 30, 1970, she plead guilty to two other felony offenses dealing with the possession and sale of narcotics. At that time, the probation of her former sentence was revoked, and she received a sentence of seven years in the Texas Department of Corrections for each of the subsequent offenses. The sentences were made to run concurrently.

Notwithstanding her pleas of guilty, she gave notice of appeal to the Texas court of criminal appeals. The record shows that after the proceedings on January 30, 1970, Patricia was placed in the Dallas County jail. She remained there until her transfer to the Department of Corrections as set out below.

On March 30, 1970, Mrs. Martha Berney, Patricia's mother, filed in the probate court of Dallas County a petition praying that Patricia be committed to a state mental hospital for treatment as a person addicted to narcotic drugs. The petition was accompanied by certificates from two physicians attesting to their opinion that Patricia was addicted and needed treatment in a mental hospital.

The above action was instituted by Martha Berney pursuant to the act of the 1969 Legislature which is entitled "Mental Health—Narcotic Addicts—Mandatory Commitment and Treatment," codified [1] as Article 5561c–1. Section 1 of that Act provides, "Any person found to be addicted to narcotics in accordance with the provisions of this Act shall be committed to a mental hospital for such period of time as may be necessary to arrest the person's addiction to narcotics."

When the petition of Martha Berney was brought to the attention of the probate court, it was of the opinion that it had no jurisdiction to proceed under the foregoing statute because Patricia had been convicted of a felony and was under sentence to the Texas Department of Corrections. The mother, Martha Berney, then began the appellate steps which followed. She first proceeded by way of mandamus in the Dallas court of civil appeals where she sought an order to compel the probate court to take jurisdiction and to hear her case. The holding was that since there was an adequate remedy by appeal, a mandamus would not be issued. Berney v. Sterrett,

---

1. All statutory references are to Vernon's Annotated Texas Statutes. Unless otherwise indicated, the statutes are civil. Emphasis throughout is added.

452 S.W.2d 37 (Tex.Civ.App.1970). That matter was not brought to us.

Martha Berney then renewed her petition on behalf of Patricia in the probate court. It again declined to take jurisdiction. She then appealed to the district court which sustained the State's plea to the jurisdiction.[2] The court of civil appeals affirmed the judgment of the district court. 457 S. W.2d 182.

It now develops that even before the date of the decision of the court of civil appeals, the appeals of Patricia Berney to the court of criminal appeals on the felony narcotics convictions had been voluntarily withdrawn. The records of the clerk in Dallas County certified to us show that such appeals were withdrawn on May 8, 1970. She was admitted to the Department of Corrections on May 26, 1970.

It may be concluded that the Legislature has the power to direct whether a person should be confined with the Department of Corrections or in a mental hospital, and to direct whether and when he should be transferred from one place to another. It has already provided that the Department of Corrections may cause a mentally ill person, not under a death sentence, to be transferred under its jurisdiction to a mental hospital. Article 46.01, Section 2, Vernon's Ann.Texas Code of Criminal Procedure.

The question remaining here is whether the Legislature intended in Article 5561c-1 to authorize the county court (or probate court) to commit a person for treatment as an addict who is already with the Department of Corrections. The literal language of the statute is capable of that construction. It says in Section 1: "Any person found to be addicted to narcotics * * * shall be committed to a mental hospital * * *." It does not say "Any person not under indictment or conviction * * * shall be committed."

In construing the statute to arrive at legislative intent, we have looked to other statutes dealing with treatment of persons who are mentally ill in general or alcoholic in particular. In the statutes dealing with these classes of persons, the Legislature has specifically spoken with regard to the existence or not of criminal charges; and except with regard to an alcoholic found guilty of a misdemeanor, the provisions are that proceedings for commitment for treatment shall not apply to those against whom criminal charges are pending.

For example, the Mental Health Code, Part 2, which authorizes temporary hospitalization of the mentally ill, provides that the application for commitment shall state that "the proposed patient is not charged with a criminal offense." Article 5547-31. The same provision is found in the required application form for indefinite commitment of the mentally ill. Article 5547-41(5). The "General Hospitalization Provisions" are specifically made not applicable to persons charged with a criminal offense. Article 5547-69.

Article 1970a-1, which gives the statutory probate courts concurrent jurisdiction with the constitutional county courts in matters dealing with commitment of persons who are mentally ill, mentally retarded, or affected with tuberculosis or epilepsy, provides that it shall be applicable to "persons who are *not* charged with any criminal offense who are mentally ill, * * *"

The portion of the Mental Health Code dealing with the treatment of alcoholics recognizes that alcoholism is an illness; and the Texas Commission on Alcoholism is authorized to receive as voluntary patients for treatment "any alcoholic resident of this State *against whom no criminal charges are pending, * * *"* Article 5561c, Section 13. That act further provides in Section 12, however, that if a person over 18 commits a misdemeanor as a result of habitual use of alcohol, the judge may, in lieu of a jail sentence, remand such person to the above Commission for care

2. The various steps in the district court are set out in the opinion of the court of civil appeals.

and treatment for a period not to exceed 90 days.

In the light of parallel legislation dealing with the mentally ill and alcoholic, and in view of the provision above referred to permitting the Department of Corrections to transfer persons mentally ill to a state hospital, we find no legislative intent to give the county or probate court authority to order the removal of a person from the Department of Corrections to a state hospital for treatment for drug addiction. Where the Legislature has intended that a person receive treatment in a hospital in lieu of a jail term, it has specifically so provided in the case of the alcoholic. Article 5561c, Section 12.

Whether and where felons who are mentally ill, or who may be addicted to drugs, should be treated is, of course, a serious problem. It is also one within the legislative prerogative. The Legislature is now in session; and if it wishes to provide further legislation in this area, it, of course, may do so. Meanwhile, however, there is nothing before us to show that the Department of Corrections is not acting, or cannot act, in the best interest of Patricia Berney under the circumstances.

For the reasons above stated, we affirm the judgment of the court of civil appeals. It is so ordered.